```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DANIEL and GERALDINE SHERZER    :    CIVIL ACTION
                                :
        v.                      :
                                :
HOMESTAR MORTGAGE SERVICES,     :
et al.                          :    NO. 07-5040
```

## **O R D E R**

AND NOW, this 30th day of June, 2010, upon careful and independent consideration of the Motion to Dismiss (Docket No. 9), filed by defendant Mercury Mortgage Partners ("Mercury"), and the Motion to Dismiss (Docket No. 16), filed by defendants Homestar Mortgage Services, LLC ("Homestar") and HSBC Bank USA ("HSBC"), and the responses thereto, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey (Docket No. 36), and after consideration of the Objections to Report and Recommendation of Defendants Homestar and HSBC as Trustee, IT IS ORDERED that:

      1. The Report and Recommendation is APPROVED and ADOPTED with the addition of the discussion below.

      2. The objections are OVERRULED.

      3. Mercury's Motion to Dismiss is DENIED.

      4. Homestar and HSBC's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.  To the extent Homestar and HSBC seek dismissal of the state law claims, the motion is GRANTED AS

UNOPPOSED. Counts II and III are dismissed against Homestar and HSBC. To the extent HSBC seeks dismissal of the TILA claim for damages based on its failure to rescind, the Motion is GRANTED and Count I is dismissed against HSBC to the extent the plaintiffs have alleged a violation of TILA against HSBC for failure to rescind. To the extent Homestar and HSBC seek dismissal of the TILA claims based on loan splitting, the Motion is GRANTED. In all other respects Homestar and HSBC's Motion is DENIED, and the request for abstention is DENIED.

Homestar and HSBC object to Judge Hey's recommendation that the Court deny their motion to dismiss on the ground that the claim for rescission is barred by the three-year statute of repose. The defendants' objections rely on two Third Circuit cases: <u>Smith v. Fidelity Consumer Disc. Co.</u> and <u>In re Cmty. Bank of N. Va</u>. In the former the court stated that "a borrower has three years after the date of consummation of the transaction within which to bring an action for rescission." <u>Smith</u>, 898 F.2d 896, 903 (3d Cir. 1990). In the latter the court stated that "an action for rescission must be brought within three years." <u>Cmty. Bank of N. Va.</u>, 418 F.3d 277, 305 (3d Cir. 2005). Neither statement was the holding of the case.

When general expressions in a decision "go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented

for decision." <u>Cohens v. State of Virginia</u>, 19 U.S. 264, 399-400 (1821).  In particular, no binding force should be given to an aspect of a decision that is not integral to the holding or its reasoning--an aspect "that, being peripheral, may not have received the full and careful consideration of the court that uttered it."  <u>In re McDonald</u>, 205 F.3d 606, 612 (3d Cir. 2000).

   In neither <u>Smith</u> nor <u>Cmty. Bank of N. Va.</u> did the facts require the court to differentiate between rescission by notice or suit, and in neither case did the court indicate a purposeful differentiation between the two.  In <u>Smith</u>, the plaintiff had given notice and filed suit within three years, so the court dispensed with the question of timely rescission in a single paragraph.  <u>Smith</u> 898 F.2d at 902-03.  In <u>Cmty. Bank of N. Va.</u>, the court roughly assessed the breadth of potential TILA claims among a class of plaintiffs and concluded that about one third of the class could have brought an action for rescission within the three-year time limit.  <u>Cmty. Bank of N. Va.</u> 418 F.3d at 305. The legal-action requirement was not integral to either holding.  Consequently, the Third Circuit's statements regarding the method of rescission do not bind this Court.

   The Court, however, is bound by the language of the statute, which states that a consumer may rescind "by mail, telegram or other means of written communication . . . ."  12 C.F.R. §226.23(a)(2).  Then after timely notice of rescission,

3

if the creditor fails to comply, the consumer may initiate a suit for non-compliance damages under a one-year statute of limitations.  15 U.S.C. §§ 1635(b) & 1640(e).  Thus, the plaintiffs' notice constituted rescission within the three-year statute of repose, and their suit for non-compliance damages was timely when filed roughly six-and-a-half months later.

       TILA is silent, though, regarding the time allotted for filing a suit to enforce rescission after the consumer has given notice.  There are two options for resolution of this issue.  The Court could apply the relevant "local" statute of limitations.  See Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 377-78 (2004).  This would result in a two-year limitation.  See 42 Pa. C.S.A. § 5524(5).  Alternatively, the Court could fill the gap by analogy to 15 U.S.C. §1640(e).  See Island Steel Systems, Inc., v. Waters, 296 F.3d. 200, 207 (3d Cir. 2002).  This would result in a one-year limitation.  Under either standard, the plaintiffs timely filed their suit for rescission.

                                        BY THE COURT:

                                        /s/ Mary A. McLaughlin
                                        MARY A. MCLAUGHLIN, J.