**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DANIEL R. SHERZER and GERALDINE SHERZER<br><br>Plaintiffs,<br><br>v.<br><br>HOMESTAR MORTGAGE SERVICES, HSBC BANK USA, DANA CAPITAL GROUP, INC., THE CIT GROUP/CONSUMER FINANCE, INC., and MERCURY MORTGAGE PARTNERS<br><br>Defendants. | Civil Action No. 07-CV-5040<br>(ETH) (MAM)<br><br>**DEFENDANTS HOMESTAR MORTGAGE SERVICES, LLC AND HSBC BANK USA AS TRUSTEE'S ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendants HomeStar Mortgage Services, LLC ("HomeStar") and HSBC Bank USA as Trustee ("HSBC") (collectively "Defendants") by way of Answer to Plaintiffs' Complaint say,

1. To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Defendants, denied.

2. To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Defendants, denied.

3. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations and therefore, leave Plaintiffs to their proofs.

4. Denied as stated. Admit that in August 2004, the Plaintiffs chose to refinance with Home Star, and obtained two loans – the first in the amount of $705,600.00 and the second in the amount of $171,350.00. Admit that the first loan was later assigned by Home Star to HSBC. The Plaintiffs paid off the amounts due on the second loan in 2005. No response is provided to the allegations pertaining to other parties.

5. Denied as stated. Admit that in August 2004, the Plaintiffs chose to refinance with Home Star, and obtained two loans – the first in the amount of $705,600.00 and the second in the amount of $171,350.00.

6. To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Defendants, denied. No response is provided to the allegations pertaining to other parties.

7. Any claim against Home Star and/or HSBC based on loan splitting has been dismissed. See DE 38. To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Defendants, denied. No response is provided to the allegations pertaining to other parties.

8. Any claim against Home Star and/or HSBC based on loan splitting has been dismissed. See DE 38. To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Defendants, denied. No response is provided to the allegations pertaining to other parties.

9. Any claim against HomeStar and/or HSBC based on loan splitting has been dismissed. See DE 38.

10. Any claim against Home Star and/or HSBC based on loan splitting has been dismissed. See DE 38. To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Defendants, denied. No response is provided to the allegations pertaining to other parties. The referenced documents speak for themselves.

11. To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Defendants, denied. The referenced documents speak for themselves.

12. To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Defendants, denied. The referenced documents speak for themselves.

13. No response is provided to this paragraph because the allegations pertain to other parties.

14. No response is provided to this paragraph because the allegations pertain to other parties.

15. No response is provided to this paragraph because the allegations pertain to other parties.

16. No response is provided to this paragraph because the allegations pertain to other parties.

17. No response is provided to this paragraph because the allegations pertain to other parties.

18. Denied as stated. The referenced document is not from counsel for HSBC. The referenced document speaks for itself.

## COUNT I

19. Defendants incorporate their responses to each of the foregoing paragraphs as if fully set forth herein.

20. The allegations call for a legal conclusion, therefore no response is required.

21. Any claim against Home Star and/or HSBC based on loan splitting has been dismissed. See DE 38. To the extent the allegations call for a legal

conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Defendants, denied.

  22. No response is provided to this paragraph because the allegations and claims pertain to other parties.

  23. Any claim against Home Star and/or HSBC based on loan splitting has been dismissed. See DE 38. To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Defendants, denied. The referenced documents speak for themselves.

  24. Any claim against Home Star and/or HSBC based on loan splitting has been dismissed. See DE 38. To the extent the allegations call for a legal conclusion, no response is required. To the extent the allegations state facts or allege wrongdoing on behalf of Defendants, denied. The referenced documents speak for themselves.

## **COUNT II**

  25. Count II has been dismissed against HomeStar and HSBC. See DE 38.

  26. Count II has been dismissed against HomeStar and HSBC. See DE 38.

27. Count II has been dismissed against HomeStar and HSBC. See DE 38.

## COUNT III

28. Count III has been dismissed against HomeStar and HSBC. See DE 38.

29. Count III has been dismissed against HomeStar and HSBC. See DE 38.

**WHEREFORE**, Defendants demand judgment in their favor dismissing the Complaint and awarding Defendants their costs, including attorneys' fees, incurred in defending this action and such other and further relief as deemed just and equitable by the Court.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action as to Defendants upon which relief can be granted.

2. The Complaint fails, in whole or in part, to allege a basis for the relief claimed from Defendants.

3. Plaintiffs lack standing to assert any claims against Defendants.

4. The causes of action are barred by the applicable statute of limitations.

5. The causes of action are barred, in whole or in part, by the doctrine of equitable estoppel, judicial estoppel and/or promissory estoppel.

6. The causes of action are barred, in whole or in part, by the doctrine of laches.

7. The causes of action are barred, in whole or in part, by the doctrine of unclean hands and/or in pari delicto.

8. The causes of action are barred, in whole or in part, by the doctrine of waiver.

9. The causes of action are barred, in whole or in part, by the doctrine of consent.

10. The causes of action are barred, in whole or in part, by the doctrine of ratification.

11. The causes of action are barred, in whole or in part, by the Voluntary Payment Rule.

12. Plaintiffs' claims are barred by the terms of the contract at issue.

13. Plaintiffs have no right to rescind.

14. Plaintiffs are not entitled to statutory damages under the Truth in Lending Act.

15. Plaintiffs are not entitled to recover counsel fees in this action pursuant to any rule, statute or other substantive law.

16. Plaintiffs' recovery in this lawsuit is barred in whole or in part by their own negligence and dilatory actions.

17. The causes of action are barred by the fact that the damages complained of were the direct and proximate result of the actions of persons over whom these answering parties have no control.

18. Plaintiffs' alleged injuries or damage were not the proximate result of any alleged conduct or failure to act by Defendants.

19. Defendants at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiffs.

20. Plaintiffs are not entitled to treble or punitive damages.

21. Without admitting liability, Defendants assert that their actions respecting the subject matters alleged in the Complaint were not fraudulent, outrageous or malicious; and, therefore, Plaintiffs are not entitled to compensatory, punitive or exemplary damages.

22. The Complaint, to the extent they seek exemplary, punitive damages or treble damages, violates Defendants' rights to procedural and substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution in contravention of <u>State Farm Mut. Automobile Ins. Co. v. Campbell, et al.</u>, 538 U.S. 408 (2003), as well as violates Defendants' rights under applicable State Constitutions, and therefore fails to state a claim for relief upon which either punitive or exemplary damages may be awarded.

23. Defendants reserve the right to raise any and all affirmative defenses which may become apparent during the course of this action, and accordingly, to amend their Answer to the Complaint.

**REED SMITH LLP**

/s/ Joe N. Nguyen
Joe N. Nguyen (93638)
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Phone: 215.851.8264
Fax: 215.851.1420
Email: jnguyen@reedsmith.com

*Attorneys for Defendants Home Star Mortgage Services, LLC and HSBC Bank USA as Trustee*

Dated: July 14, 2010

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer to Plaintiffs' Complaint was served upon all parties or their counsel of record this 14th day of July, 2010, via ECF and/or United States, First Class Mail as follows:

    Roger V. Ashodian, Esquire
    Regional Bankruptcy Center of Southeastern, PA, P.C.
    101 West Chester Pike
    Suite 1A
    Havertown, PA 19083
    *Attorney for Plaintiffs*

    Robert A. Burke, Esquire
    Marc Evan Weitzman, Esquire
    Blank Rome LLP
    One Logan Square
    Philadelphia, PA 19103-6998
    *Attorneys for Defendant*
    *The CIT Group/Consumer Finance, Inc.*

    Daniel S. Coval, Jr., Esquire
    Andrew L. Miller & Associates, L.P.
    15 St. Aspah's Road
    Bala Cynwyd, PA 19004
    *Attorneys for Defendant*
    *Mercury Mortgage Partners*

    /s/ Joe N. Nguyen
    Joe N. Nguyen