**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DANIEL R. SHERZER and GERALDINE SHERZER<br><br>    Plaintiffs,<br><br>  v.<br><br>HOMESTAR MORTGAGE SERVICES, HSBC BANK USA, DANA CAPITAL GROUP, INC., THE CIT GROUP/CONSUMER FINANCE, INC., and MERCURY MORTGAGE PARTNERS<br><br>    Defendants. | Civil Action No. 07-CV-5040<br>      (ETH) (MAM) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR
JUDGMENT ON THE PLEADINGS OF DEFENDANTS HOMESTAR
MORTGAGE SERVICES, LLC AND HSBC BANK USA, AS TRUSTEE'S**

Defendants Home Star Mortgage Services, LLC ("Home Star") and HSBC Bank USA, as Trustee ("HSBC"), through their undersigned attorneys, respectfully submit this Memorandum of Law in support of their Motion for Judgment on the Pleadings.

**I. INTRODUCTION**

In this case, Plaintiffs Daniel and Geraldine Sherzer ("Plaintiffs") seek to rescind a $705,600 mortgage loan (the "Loan") entered into with Home Star on August 24, 2004, and damages against Home Star for failure to rescind pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq. Although Plaintiffs sent a "rescission notice" on May 11, 2007 to Home Star and HSBC, as assignee, they failed to commence suit until November 30, 2007, months after TILA's three-year statute of repose had expired on their rescission claim. The Third Circuit Court of Appeals' very recent decision in Williams v. Wells Fargo Home

Mortgage, Inc., No. 10-1493, 2011 WL 395978 (3rd Cir. Feb. 8, 2011) confirms that, under these circumstances, Plaintiffs' claim for TILA rescission is time-barred because mere invocation of a rescission claim by notice is not sufficient to preserve the claim beyond the three-year repose period.

Therefore, Plaintiffs' rescission claim fails as a matter of law because it is time-barred. As Plaintiffs' remaining claim for damages against Home Star is completely dependent on their claim for rescission, it too fails. Accordingly, judgment should be entered in favor of Home Star and HSBC.

## II.   PERTINENT FACTS

On August 24, 2004, Plaintiffs entered into the Loan with Home Star. Complaint ¶ 4. On May 22, 2007, Plaintiffs sought to rescind the Loan pursuant to the TILA by sending a "rescission notice." See Complaint ¶ 11, Ex. D. On November 30, 2007, *i.e.*, more than three years after the August 24, 2004 closing date of the Loan, Plaintiffs commenced this action.

## III.   PROCEDURAL HISTORY

Plaintiffs' Complaint in this action originally asserted claims against, inter alia, Home Star and HSBC under TILA (Count I), the Pennsylvania Credit Services Act and Pennsylvania Loan Broker Trade Practices Regulations (Count II), and Pennsylvania's Unfair Trace Practices and Consumer Protection Law (Count III). On February 26, 2008, Home Star and HSBC filed their Motion to Dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Therein, Home Star and HSBC argued, inter alia, that Plaintiffs' claim for rescission under TILA was barred by the three-year statute of repose contained in 15 U.S.C. § 1635(f).

On May 7, 2010, the Honorable Magistrate Judge Elizabeth T. Hey entered her Report and Recommendation (the "Report and Recommendation") recommending that Home Star and

HSBC's Motion be granted as to Plaintiffs' state law claims (Counts II and III), claims under TILA for loan-splitting, and claims under TILA for damages for failure to rescind as to HSBC, but denied the Motion as to the remaining TILA claims under Count I. See 2010 WL 1947042, at *7 (E.D. Pa. May 7, 2010). On May 24, 2010, Homestar and HSBC filed Objections to the Report and Recommendation arguing that the conclusion that Plaintiffs' rescission claim was not time-barred based on Plaintiffs' "notice of rescission" was against the weight of authority and incorrect. On June 30, 2010, without the benefit of the Third Circuit's decision in Williams, this Court adopted the Recommendation and Report with additional discussion and dismissed Counts II and III as to Home Star and HSBC. See June 30, 2010 Order, attached hereto as **Exhibit 1**. This Court also dismissed Count I in part as to Home Star and HSBC. As a result, Plaintiffs' only remaining claim against HSBC and Home Star is for rescission under TILA, and damages for failure to rescind as to Home Star only. Id.

On February 8, 2011, the Third Circuit filed its Opinion in Williams, a copy of which is attached hereto as **Exhibit 2**. The Williams decision presents a factually identical situation and is the impetus for Home Star and HSBC's present Motion for Judgment on the Pleadings.

## IV. ARGUMENT

### A. The Standard For A Motion for Judgment On The Pleadings

Federal Rule of Civil Procedure 12(c) provides that any party may move for judgment on the pleadings after the pleadings are closed but within such time as to not delay trial. See Fed. R. Civ. P. 12(c). The standards for motions under Rule 12(c) are the same as those under Rule 12(b)(6). Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002). When ruling on such a motion, a court must "'view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the ... non-moving party.'" Neely v. Six Continent's Hotels, Inc.,

2003 WL 22425002, at *1 (E.D. Pa. Oct. 16, 2003).  Judgment is appropriate when no set of facts could be adduced to support the plaintiff's claim for relief.  Id.  Importantly, the moving party is entitled to judgment on the pleadings when it is clear from the complaint that the plaintiff's claims are time-barred.  Id. (granting judgment on the pleadings where statute of limitations had run on plaintiff's claims).

In this case, the pleadings are closed and no trial date has been set.

### B. Home Star and HSBC Are Entitled To Judgment On The Pleadings As To Plaintiffs' Remaining Claim For Rescission Because It Is Barred By TILA's Three Year Statute Of Repose

Under TILA, a consumer normally has three (3) business days to rescind a loan transaction in which the consumer's principal residence is used as security for the loan.  15 U.S.C. § 1635(a).  The three-day period may be extended if a lender fails to comply with TILA's disclosure requirements.  Id. at § 1635(f).  However, even in such cases where the period for rescission is extended and not limited to three days, a rescission claim, by statute, expires "**three years after the date of consummation of the transaction** or upon sale of the property, whichever occurs first."  15 U.S.C. § 1635(f) (emphasis added).  This three-year limitation is a "statute of repose, which is finite and cannot be tolled."  Kemezis v. Matthew, 2008 WL 2468377, at *3 (E.D. Pa. Jun. 16, 2008) (noting that the limitation on rescission rights imposed by § 1635(f) is a "statute of repose, which is finite and cannot be tolled.") (citing Beach v. Ocwen, 523 U.S. 410, 412 (1998) ("§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period.")).

Here, Plaintiffs closed on the Loan on August 24, 2004, and the three-year period for rescission (assuming *arguendo* that the extended period applies) began to run on that date and expired on August 24, 2007.  Plaintiffs did not file their Complaint until November 30, 2007,

well after expiration of the three-year period. Therefore, Plaintiffs' TILA rescission claim is untimely.

    **C.**   **The Third Circuit Court Of Appeals Recently Determined That TILA's Statute Of Repose Applies Even Where A Plaintiff Sends A Notice Of Rescission Prior To Expiration Of The Three Year Period**

The fact that Plaintiffs sent a purported notice of rescission within the three year period does not affect the untimeliness of their rescission claim. This conclusion is confirmed by the Third Circuit's recent decision in Williams. That case presented the identical factual scenario presented in this case, *i.e.*, the plaintiff closed on a mortgage loan and sent a notice of rescission within three years of the closing, but failed to file a complaint until after expiration of the three-year period:

> Here, the transaction was consummated on November 14, 2002. The notice to rescind was mailed on November 22, 2004, a little more than two years after the transaction was consummated. The civil action to enforce the right to rescind, however, was not filed until August 22, 2006, more than nine months after the three-year period expired.

2011 WL 395978 at *2.[1] The lender filed a motion for summary judgment in the district court, contending that the rescission and damages claims were time-barred. Id. The Honorable Judge Legrome Davis agreed and granted the lender's motion. Id.

On appeal, the Third Circuit affirmed. Id. at *4. The Third Circuit held that the Supreme Court's analysis in Beach v. Ocwen Fed. Bank was controlling and barred plaintiff's rescission claim:

---

[1]   Notably, counsel for Plaintiffs in this case was also counsel for the appellant in Williams and presented the same rejected theory in that case as he does here.

> By explaining [in Beach] that § 1635(f) "limits more than the time for bringing a suit," *id.* at 417, and "permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run," *id.* at 419, the [Supreme] Court implicitly recognized that any claim for rescission under § 1635 must be filed within the three-year period. It may be that an obligor may invoke the right to rescission by mere notice. **Mere invocation without more, however, will not preserve the right beyond the three-year period. Rather, consistent with § 1635(f), a legal action to enforce the right must be filed within the three-year period or the right will be "completely extinguishe[d]."** *Id.* at 412. Thus, we conclude that the District Court correctly determined that Williams' action for rescission was time-barred.

Williams, 2011 WL 395978 at *3 (emphasis added).

Williams is indistinguishable and dictates that judgment on the pleadings be entered in favor of Home Star and HSBC in this case.[2]

### D. Given That There Is No Basis To Rescind The Loan, There Can Likewise Be No Claim Against Home Star For Statutory Damages Based On The Failure To Rescind

Plaintiffs' sole remaining claim for statutory damages against Home Star is based on Home Star's purported failure to comply with their rescission demand. This claim fails because any award of damages for failure to rescind must be premised on a conclusion that Plaintiffs did, in fact, have an enforceable right to rescind under TILA. See Smith v. Fidelity Consumer Disc.

---

[2] Although Williams is a non-precedential opinion, its reasoning and reliance on binding Supreme Court precedent is sound and should provide persuasive guidance. City of Newark v. U.S. Dep't of Labor, 2 F.3d 31, 33 n. 3 (3d Cir. 1993) ("Although we recognize that this unpublished opinion lacks precedential authority, we nonetheless consider persuasive its evaluation of a factual scenario virtually identical to the one before us in this case."); Evans v. Chichester School Dist., 533 F.Supp. 2d 523, 535 (E.D. Pa. 2008) ("Although I recognize that unpublished opinions lack precedential value, I cite to them in this memorandum as persuasive authority when I find their reasoning convincing and their facts analogous to the situation before me"); In re Radogna, 2007 WL 1461810, at *2 n.4 (E.D. Pa., May 16, 2007) (collecting Third Circuit cases).

Co., 898 F.2d 896, 903 (3d Cir. 1990) (entitlement to statutory damages for denial of request to rescind is wholly dependent upon and flows directly from entitlement to "rescissionary relief"); In re Dougal, 395 B.R. 880, 891 (Bkrtcy. W.D. Pa. 2008) (If "there is no enforceable right of rescission, there is no basis for an award of damages for failure to honor the notice of rescission."). As set forth above, Plaintiffs' claim to rescind the loan is time-barred. Thus, there is also no basis to award statutory damages for the failure to rescind.

## V.     CONCLUSION

The Third Circuit Court of Appeals has unequivocally rejected Plaintiffs' theory that the Complaint is timely merely because they sent a notice of rescission prior to expiration of TILA's three-year statute of repose. Thus, there are no facts that can support Plaintiffs' claim for TILA rescission, and that claim fails as a matter of law. As there can be no liability on the part of Home Star for failure to rescind in the absence of a viable rescission claim, Plaintiffs' remaining claim also fails. Accordingly, the Court should grant Home Star and HSBC's Motion for Judgment on the Pleadings.

Respectfully submitted,

*s/ Joe N. Nguyen*
Joe N. Nguyen
Attorney I.D.93638
Nipun J. Patel
Attorney I.D. 208130
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone: 215-851-8100
Facsimile:  215-851-1420
jnguyen@reedsmith.com
npatel@reedsmith.com

|  |  |
|---|---|
| Dated: February 15, 2011 | Attorneys for Defendants<br>Homestar Mortgage Services LLC and<br>HSBC Bank USA, as Trustee |