**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DANIEL AND GERALDINE SHERZER,** | : |
| | : |
| **Plaintiffs,** | : |
| | : |
| v. | : CIVIL ACTION No. 07-cv-5040 |
| | : |
| **HOMESTAR MORTGAGE SERVICES,** *et al.* | : |
| | : |
| **Defendants.** | : |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION**
**TO MOTION FOR JUDGMENT ON THE PLEADINGS OF**
**HOMESTAR MORTGAGE SERVICES, LLC, AND HSBC BANK USA**

**I.   STATEMENT OF THE CASE**

As indicated by the moving Defendants, HomeStar Mortgage Services, LLC ("HomeStar") and HSBC Bank USA, as Trustee ("HSBC") (collectively "Defendants"), Plaintiffs Daniel and Geraldine Sherzer ("Plaintiffs") seek to rescind their mortgage loan issued by Home Star on August 24, 2004, and to recover damages against Home Star for failure to rescind pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §§1601 *et seq*.  Plaintiffs sent a timely rescission notice on May 11, 2007, to Home Star and HSBC, as assignee, and thereafter brought the instant enforcement action on November 30, 2007.  The rescission notice was sent within the three year period provided for under 15 U.S.C. §1635 and Regulation Z, §§226.15(a)(3), 226.23(a)(3).  The instant enforcement action was filed after the expiration of the three year period for rescinding, but within one year of the end of the three year period.

Defendants filed their Motion for Judgment on the Pleadings based solely upon a recent, non-precedential opinion issued by a panel of the United States Court of Appeals for the Third Circuit in another case, Paula Williams vs. Wells Fargo Home Mortgage, Inc., CA No. 10-1493,

1

reported only in Westlaw, 2011 WL 395978 (3rd Cir. Feb. 8, 2011).  The same issue regarding the timeliness of Plaintiffs' enforcement action was raised by Defendants in their Motion to Dismiss, and was denied with respect to that issue in the Court's June 30, 2010 Order approving and adopting the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, but Defendants have now requested that the Court revisit the earlier decision in light of the <u>Williams</u> decision.  Plaintiffs, on the other hand, oppose the Court's revisiting the issue, both because they contend the earlier decision on the issue is the "law of the case", and because they believe the Court decided the issue correctly the first time.

## II.  **ARGUMENT**

### A.  **Introduction.**

DANIEL R. SHERZER and GERALDINE SHERZER ("the Plaintiffs"), married adult individuals residing at 320 Rosemary Lane, Narberth, PA 19072 ("the Home"), filed this action on November 30, 2007, alleging, in Count One of the Complaint, violations of the federal Truth-in-Lending Act for wrongful refusals to the present and original lenders to honor their rescissions of two related loan transactions involving the refinancing of the Home, the former of which occurred on August 26, 2004 ("the 2004 Loan"), and the latter of which occurred exactly one year later on August 26, 2005 ("the 2005 Loan").  The original lender in the 2004 Loan was Defendant, HOMESTAR MORTGAGE SERVICES ("Homestar"), and the present holder of the mortgage is believed to be Defendant, HSBC BANK USA ("HSBC").  The original lender that is believed to remain the present holder of the 2005 Loan is Defendant, THE CIT GROUP/ CONSUMER FINANCE, INC. ("CIT"), but the CIT loan is not at issue in this matter presently before the Court.

> B. **The Specific Issue Presented by Defendants' Motion for Judgment on the Pleadings Has Already Been Presented to the Court in the Context of the Defendants' Motion to Dismiss and Was Decided Adversely to Defendants, Such That the Court's Earlier Ruling on the Same Issue Is the Law of the Case.**

The precise issue presented by Defendants was previously presented to the Court in the context of Defendants' Motion to Dismiss, and in an Order dated June 30, 2010, the Court rejected Defendants' arguments. Sherzer v. Homestar Mortg. Services, 2010 WL 1947042, (E.D.Pa. May 7, 2010). That ruling is the law of the case, and an unreported non-precedential decision of a panel of the Court of Appeals does not change that. Perhaps if the Williams decision had been issued as a precedential decision, the Court may be compelled to reexamine the ruling on the Motion to Dismiss, but not in this instance.

As Defendants readily acknowledge, the standards for motions for judgment on the pleadings under F.R.C.P. 12(c) are the same as those under F.R.C.P. 12(b)(6), *citing* Leamer v. Fauver, 288 F.3d 532, 535 (3rd Cir. 2002). Thus Defendants concede they are asking the Court to reconsider and reverse itself on the exact issue already decided, an issue that was decided under the identical standard to that which applies to the instant Motion.

The doctrine of "law of the case" governs the degree to which a court should permit reconsideration of the same issue that had been previously decided. Fagan v. City of Vineland, 22 F.3d 1283, 1290 (3rd Cir. 1994). The application of the doctrine usually arises in situations in which the specific judge assigned to the case changes, Id.; TCF Film Corporation v. Gourley, 240 F.2d 711 (3rd Cir. 1957) (collecting cases), or there is a transfer of venue from one court to another Hayman Cash Register Company v. Sarokin, 669 F.2d 162 (3rd Cir. 1982); Winstar Communications, Inc. v. The Blackstone Group, LP, 435 B.R. 33 (Bankr. D.Del. 2010). In

Winstar, Judge Carey of the Bankruptcy Court for the District of Delaware reviewed the history and purpose of the doctrine:

> The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. The rule of practice promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (internal quotations omitted). 'The law of the case doctrine does not limit a federal court's power; rather it directs its exercise of discretion.' *Public Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.,* 123 F.3d 111, 116 (3d Cir.1997) (citations omitted). In *Christianson*, the Supreme Court explained the scope of this discretion as follows:
>
> A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice."
>
> *Id.* at 817, 108 S.Ct. 2166 quoting *Arizona v. California,* 460 U.S. 605, 618 n. 8, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). The Third Circuit has recognized the following "extraordinary circumstances" that warrant a court's reconsideration of an issue decided earlier in the litigation: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice. *Public Interest Research Grp.,* 123 F.3d at 116-17.

Applying the foregoing principles to the case at bar, there is little cause for the Court to revisit its decision rendered on June 30, 2010, in that the initial decision was certainly not clearly erroneous and upholding it would not work a manifest injustice. There is certainly no new evidence that came to light in the intervening ten months since the earlier decision, and there has been no announcement of a supervening new law. Although a binding precedential decision of the Court of Appeals may constitute the "extraordinary circumstances" referenced in Public Interest Research Grp., Plaintiffs submit that the Williams decision, that was specifically designated by the Third Circuit panel that issued it as non-precedential, does not constitute such extraordinary circumstances. Moreover, in Williams the enforcement action was brought more than one year after the rescission letter was sent, whereas in the instant case, as noted in the

following passage of the Court's June 30, 2010 Order, the Plaintiffs' enforcement action was brought well before the earliest possible deadline for filing the action:

> TILA is silent, though, regarding the time allotted for filing a suit to enforce rescission after the consumer has given notice. There are two options for resolution of this issue. The Court could apply the relevant "local" statute of limitations. See Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 377-78 (2004). This would result in a two-year limitation. See 42 Pa. C.S.A. § 5524(5). Alternatively, the Court could fill the gap by analogy to 15 U.S.C. §1640(e). See Island Steel Systems, Inc., v. Waters, 296 F.3d. 200, 207 (3d Cir. 2002). This would result in a one-year limitation. Under either standard, the plaintiffs timely filed their suit for rescission.

Therefore, the fact that the Williams case is distinguishable from the instant case is yet another reason why the law of the case doctrine should be applied to reaffirm this Court's June 30 Order.

### C. **Even if the Earlier Ruling on Defendants' Motion to Dismiss Was Not the Law of the Case, the Court's Ruling on the Issue Should Not Be Changed Based Upon the Williams Decision.**

Even if the Court's June 30, 2011 decision on the issue of the application of the statute of repose were not the law of the case, the Court correctly ruled that Plaintiffs' rescission is not barred by the three-year statute of repose. In pertinent part, the Court held that the "defendants' objections [to the May 7, 2010 Report and Recommendation of U.S. Magistrate Judge Elizabeth T. Hey that] rel[ied] on two Third Circuit cases: Smith v. Fidelity Consumer Disc. Co. and In re Cmty. Bank of N. Va.," were misplaced because the statements that suggested an enforcement action needed to filed within the three year period in which a mortgage loan must be rescinded was superfluous to the decisions in those cases. Smith v. Fidelity Consumer Disc. Co., 898 F.2d 896 (3rd Cir. 1990); In re Community Bank of Northern Virginia, 418 F.3d 277, 305 (3rd Cir. 2005). After citing case law for the proposition that dicta should not control the outcome of this case that, unlike Smith and Community Bank of Northern Virginia, squarely presents the issue,

5

this Honorable Court went on to explain the basis for the Order denying HomeStar's and HSBC's Motion to Dismiss, as follows:

> In neither Smith nor Cmty. Bank of N. Va. did the facts require the court to differentiate between rescission by notice or suit, and in neither case did the court indicate a purposeful differentiation between the two. In Smith, the plaintiff had given notice and filed suit within three years, so the court dispensed with the question of timely rescission in a single paragraph. Smith 898 F.2d at 902-03. In Cmty. Bank of N. Va., the court roughly assessed the breadth of potential TILA claims among a class of plaintiffs and concluded that about one third of the class could have brought an action for rescission within the three-year time limit. Cmty. Bank of N. Va., 418 F.3d at 305. The legal-action requirement was not integral to either holding. Consequently, the Third Circuit's statements regarding the method of rescission do not bind this Court.
>
> The Court, however, is bound by the language of the statute, which states that a consumer may rescind "by mail, telegram or other means of written communication . . . ." 12 C.F.R. §226.23(a)(2). Then after timely notice of rescission, if the creditor fails to comply, the consumer may initiate a suit for non-compliance damages under a one-year statute of limitations. 15 U.S.C. §§1635(b) & 1640(e). Thus, the plaintiffs' notice constituted rescission within the three-year statute of repose, and their suit for non-compliance damages was timely when filed roughly six-and-a-half months later.
>
> TILA is silent, though, regarding the time allotted for filing a suit to enforce rescission after the consumer has given notice. There are two options for resolution of this issue. The Court could apply the relevant "local" statute of limitations. See Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 377-78 (2004). This would result in a two-year limitation. See 42 Pa. C.S.A. § 5524(5). Alternatively, the Court could fill the gap by analogy to 15 U.S.C. §1640(e). See Island Steel Systems, Inc., v. Waters, 296 F.3d. 200, 207 (3d Cir. 2002). This would result in a one-year limitation. Under either standard, the plaintiffs timely filed their suit for rescission.

Most of the decisions that follow the reasoning of Smith and Community Bank of Northern Virginia (and now the non-precedential decision in Williams), involve actions that were brought either without any preceding notice of rescission or actions that were brought several years after a preceding notice of rescission, or alternatively involved cases in which both the notice of rescission and enforcement action were within the three year period. Making reference to In re Thomas, No. 07-16445, 2008 WL 5412113 (Bankr. E.D. Pa. Oct. 17, 2008)

(motion to dismiss granted when timely notice of rescission was sent, but enforcement action not filed until about five years later), a decision collecting cases by the Honorable Jean K. Fitzsimon of the United States Bankruptcy Court for the Eastern District of Pennsylvania, Judge Hey reviewed much of the existing case law in making her Report and Recommendation to the Court:

> While acknowledging a minority of lower court cases to the contrary, Judge Fitzsimon relied heavily on the Third Circuit's decision in Smith v. Fidelity Consumer Disc. Co., 898 F.2d 896 (3d Cir. 1990). In Smith, the Third Circuit concluded that the plaintiffs TILA rescission claim was timely filed, noting that "a borrower has three years after the date of consummation of the transaction within which to bring an action for rescission." Id. at 903 (emphasis added). In Smith, however, the plaintiffs had both sent a rescission notice and filed suit within the three-year period. Hence, the Circuit Court did not have to determine, and did not discuss, if the timely notice was sufficient to satisfy the three-year requirement of section 1635(f).
>
> Judge Fitzsimon also noted in Thomas that the Third Circuit reaffirmed Smith in In re Community Bank of Northern Virginia, 418 F.3d 277 (3d Cir. 2005). In overturning the District Court's approval of a group of class settlements involving TILA violations, the Third Circuit mentioned in passing that "an action for rescission must be brought within three years." Id. at 305 (citing Smith). Like Smith, the court was not faced with a rescission notice sent within the three year period with suit filed after the three years had expired.

Judge Hey distinguished those cases, that similarly to Smith and Community Bank of Northern Virginia, seemed to suggest that not only need a borrower send a notice of rescission to a lender within the three year statute of repose but must actually file an enforcement action within the same period, from those wherein a mortgagor sent a notice of rescission prior to the expiration of the three year period but filed suit thereafter, in which the courts therefore had to decide the exact issue before this Honorable Court:

> Similarly, many of the lower court decisions that Judge Fitzsimon cites in Thomas did not involve a timely notice of rescission with an untimely suit. See Jefferies v. Ameriquest Mortg. Co., 543 F. Supp. 2d 368, 383 (E.D. Pa. 2008) (rescissory period could not be extended to three years due to misrepresentations); Christopher v. First Mut. Corp., Nos. 05-115, 05-1149, 2007 WL 2972561, at *6 (E.D. Pa. Oct. 9, 2007) (no notice of rescission and suit filed beyond three-year period); Steele v. Chase Manhattan Mortg. Corp., No. 04-217, 2005 WL 2077271, at *2 (E.D. Pa. Aug. 26, 2005) (both notice and filing were within three years). In

both <u>Kamara v. Michael Funding, LLC.</u>, 379 F. Supp.2d 631, 634 (D. Del. 2005), and <u>Nix v. Option One Mortg. Corp.</u>, No. 05-3685, 2006 WL 166451 (D.N.J. Jan. 19, 2001), there was an alleged rescission within the original three day period, but suit was not filed within three years of that rescission notice, and the courts found the rescission claim untimely.

In finding persuasive the reasoning of two cases that found a notice of rescission alone within the three year period, without any court action commenced within that period, sufficient to preserve the right of rescission, Judge Hey further analyzed the impact of the <u>Smith</u>, <u>Community Bank of Northern Virginia</u>, and the other cases collected in <u>Thomas</u> in her Report and Recommendation:

> While acknowledging a minority of lower court cases to the contrary, Judge Fitzsimon relied heavily on the Third Circuit's decision in <u>Smith v. Fidelity Consumer Disc. Co.</u>, 898 F.2d 896 (3d Cir. 1990). In <u>Smith</u>, the Third Circuit concluded that the plaintiffs TILA rescission claim was timely filed, noting that "a borrower has three years after the date of consummation of the transaction within which to bring an action for rescission." <u>Id</u>. at 903 (emphasis added). In <u>Smith</u>, however, the plaintiffs had both sent a rescission notice and filed suit within the three-year period. Hence, the Circuit Court did not have to determine, and did not discuss, if the timely notice was sufficient to satisfy the three-year requirement of section 1635(f).
>
> Judge Fitzsimon also noted in <u>Thomas</u> that the Third Circuit reaffirmed <u>Smith</u> in <u>In re Community Bank of Northern Virginia</u>, 418 F.3d 277 (3d Cir. 2005). In overturning the District Court's approval of a group of class settlements involving TILA violations, the Third Circuit mentioned in passing that "an action for rescission must be brought within three years." Id. at 305 (citing <u>Smith</u>). Like <u>Smith</u>, the court was not faced with a rescission notice sent within the three year period with suit filed after the three years had expired.
>
> Similarly, many of the lower court decisions that Judge Fitzsimon cites in <u>Thomas</u> did not involve a timely notice of rescission with an untimely suit. See <u>Jefferies v. Ameriquest Mortg. Co.</u>, 543 F. Supp. 2d 368, 383 (E.D. Pa. 2008) (rescissory period could not be extended to three years due to misrepresentations); <u>Christopher v. First Mut. Corp.</u>, Nos. 05-115, 05-1149, 2007 WL 2972561, at *6 (E.D. Pa. Oct. 9, 2007) (no notice of rescission and suit filed beyond three-year period); <u>Steele v. Chase Manhattan Mortg. Corp.</u>, No. 04-217, 2005 WL 2077271, at *2 (E.D. Pa. Aug. 26, 2005) (both notice and filing were within three years). In both <u>Kamara v. Michael Funding, LLC.</u>, 379 F. Supp.2d 631, 634 (D. Del. 2005), and <u>Nix v. Option One Mortg. Corp.</u>, No. 05-3685, 2006 WL 166451 (D.N.J. Jan. 19, 2001), there was an alleged rescission within the original three day period, but suit was not filed within three years of that rescission notice, and the courts found

8

the rescission claim untimely.

In contrast, only two of the cases cited by Judge Fitzsimon involved a notice of rescission that was sent prior to the expiration of TILA's three-year period but where suit was not filed until after its expiration, and thus had to confront the critical question whether timely notice is sufficient. In both, the court found that TILA required only that the notice of rescission be sent prior to the expiration of the three-year period. See Johnson v. Chase Manhattan Bank, USA N.A., No. 07-526, 2007 WL 2033833, at *4 (E.D. Pa. Jul. 11, 2007); Jackson v. CIT Group, No. 06-543, 2006 WL 3098767, at *2 (W.D. Pa. Oct. 30, 2006); see also In re West, 420 B.R. 284, 288 (Bankr. W.D. Pa. Nov. 19, 2009) (accepting for sake of argument that adversary proceeding in bankruptcy could constitute notice for § 1635(f)). In particular, I find the discussion of the Honorable Terrence McVerry in Jackson most persuasive.

> The statute clearly states that rescission is accomplished "by notifying the creditor, in accordance with regulations of the Board, of his intention to do so." 15 U.S.C. § 1635(a). Regulation Z, 12 C.F.R. § 226.23(a)(2) clearly provides: "To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication."

Jackson, 2006 WL 3098767, at 2. Judge McVerry relied directly on the language of the statue and associated regulation to determine that timely notice of rescission was called for rather than suit.

As noted by Judge McVerry, section 1635(a) states, in reference to the three-day period, that rescission is effected by notice in accordance with regulations. Section 1635(f) then states that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction . . . ." 15 U.S.C. § 1635(f). Subpart "a" of the relevant Federal Reserve regulation is entitled "Consumer's right to rescind," and states, "[t]o exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication." 12 C.F.R. § 226.23(a)(2). The regulation goes on to state that "the right to rescind shall expire 3 years after consummation" if "the required notice or material disclosures are not delivered." Id. § 226.23(a)(3). Read together, subsections (a)(2) and (a)(3) state that the right to rescind, "by mail, telegram, or other means of written communication," is extended to three years in the event notice or certain disclosures are not made. Id. §§ 226.23(a)(2) and (3). Thus, neither the statute nor the regulation requires the filing of suit within the time period, and neither differentiates between the notice required to invoke rescission within the three day or the three-year period. Accordingly, if written notice is sufficient to rescind within three days, it is sufficient to rescind within three years if, in fact, the three-year period is applicable. I find Judge McVerry's reasoning sound and conclude that written notice within the three year period is sufficient to timely exercise the right to rescind.

The Seventh and Eleventh Circuits have, at least implicitly, endorsed the holding of this Court in the earlier June 30, 2010 Order. In <u>Doss v. Clearwater Title Co.</u>, 551 F.3d 634, 638-39 (7th Cir.2008), the Court held that "We acknowledge that some of our sister circuits have characterized § 1635(f) as 'jurisdictional' … . In our view, there is nothing jurisdictional about § 1635(f)'s period of repose. … <u>[I]t is merely a precondition to a substantive right to relief</u>" (emphasis added). <u>Id</u>. *See also* <u>Johnson v. Mortgage Electronic Registration Systems, Inc.</u>, 252 Fed. Appx. 293, 294 (11th Cir.2007) (per curiam), in which the Court quoted <u>Williams v. Homestake Mortgage. Co.</u>, 968 F.2d 1137, 1139 (11th Cir.1992), in stating that, "A borrower can trigger rescission 'solely by notifying the creditor within set time limits of [his or her] intent to rescind' "); <u>Roberts v. WMC Mortgage Corp.</u>, 173 Fed. Appx. 575, 576 (9th Cir.2006); <u>Santos v. Countrywide Home Loans</u>, 2009 WL 2500710 (E.D.Cal. 2009) (granting leave to amend complaint to allege that notice was provided within the requisite three year period, even though suit was not commenced until after expiration of three year period); <u>In re Hunter</u>, 400 B.R. 651, 2009 WL 605729 (Bkrtcy.N.D.Ill. 2009); <u>In re Chabot</u>, 369 B.R. 1, 14-15 (Bankr.D.Mont.2007); <u>In re DeShields, DeShields v. Eastern Savings Bank</u>, Bankr. No. 05-15216, Adv. No. 05-313, slip op. at 11-16) (Bankr. E.D. Pa. Sept. 21, 2005) (copy attached hereto as Appendix "A"); <u>In re Ralls</u>, 230 B.R. 508 (Bankr. E.D. Pa. 1999) (notice of rescission sent within three year period, followed by action filed within one year of sending notice of rescission was timely under §1635); *c.f.* <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1165 (9th Cir. 2002) ("Because cancellation was not effected during the three-year period, the additional year statute of limitations provided by § 1640 is irrelevant; it relates to the time for filing suit once cancellation has been

wrongly refused."). Miguel suggests that had a written notice of rescission been submitted to the lender within the three years, the Court would have found a later enforcement action timely.

As indicated in Plaintiffs' opposition to Defendants' Motion to Dismiss, this is not an action seeking damages under the TILA for disclosure violations in the loan transaction itself, which occurred on August 26, 2004. Rather, the Plaintiff seeks declaratory relief and statutory damages under the TILA against the Defendants only on account of their failure to honor the Plaintiff's timely rescission of the loan, pursuant to the three-year period set forth in 15 U.S.C. §1635(f), which occurred on May 11, 2007. It is therefore totally incorrect for the Defendants to take the position that the Plaintiffs did not "request" rescission until they filed suit on November 30, 2007. The May 11, 2007 notice of rescission was the demand for rescission. Numerous authorities support the principle that a refusal to honor a rightful rescission request in that transaction remains viable until at lease one year after the refusal of the lender to honor the rescission. *See, e.g.*, Belini v. Washington Mutual Bank, FA, 412 F.3d 26 (1st Cir. 2005); Smith v. Fidelity Consumer Discount Co., *supra,* 898 F.2d at 902-03; Canty v. Equicredit Corp., 2003 WL 21243268, * 2 (E.D. Pa. May 8, 2003); and Aquino v. Public Finance Consumer Discount Co., 606 F.Supp. 504, 511 (E.D. Pa. 1985). As the Court has previously held, the earliest an enforcement action need be brought based upon a valid, written notice of rescission would be one year after the notice of rescission. Therefore, the Defendants' argument to the contrary should once again be rejected.

Finally, some courts that have come to the conclusion that not just a notice of rescission must be sent, but an enforcement action must be filed within the three year statute of repose have been influenced to do so by the case of Beach v. Ocwen Fed. Bank, 523 U.S. 410 (1998). In

holding that the three year limitation is a statute of repose, the Supreme Court found that "[§1635(f) says nothing in terms of bringing an action but instead provides that the 'right of rescission [under the Act] shall expire' at the end of the time period. It talks not of a suit's commencement but of a right's duration …". Id. at 417. Thus the Supreme Court did not need to decide and did not purport to decide whether the sending of notice of rescission or actually filing an enforcement action was necessary in order to meet the three year limitation.

### III.   CONCLUSION

For the reasons set forth above Plaintiffs' request that the Court deny Defendants' Motion for Judgment on the Pleadings.

      Respectfully submitted,
      REGIONAL BANKRUPTCY CENTER OF
      SOUTHEASTERN PA, P.C., by:

      _____
      Roger V. Ashodian
      Attorney ID #42586
      101 West Chester Pike, Suite 1A
      Havertown, PA  19083
      (610) 446-6800

      Attorney for Plaintiffs