UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| LEONARD J. DeSHIELDS and SEBRINA J. DeSHIELDS | : | |
| Debtor | : | Bankruptcy No. 05-15216F |
| | | |
| LEONARD J. DeSHIELDS, SEBRINA J. DeSHIELDS, and WILLIAM C. MILLER Plaintiff | : | |
| | : | |
| v. | : | |
| EASTERN SAVINGS BANK, FSB | : | |
| Defendant | : | Adversary No. 05-0313 |

....................................................

MEMORANDUM

....................................................

Defendant Eastern Savings Bank, FSB (hereinafter "Eastern") has filed a motion to dismiss this adversary proceeding pursuant to Fed. R. Bankr. P. 7012. The plaintiffs/debtors oppose dismissal. For the following reasons, the instant motion shall be denied.

I.

The plaintiffs have filed an amended complaint containing two counts. Count One alleges that defendant Eastern violated various provisions of the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., when it entered into a loan

agreement with the plaintiffs on October 12, 2001. The plaintiffs assert that these

purported violations entitled them to rescind that loan agreement with the defendant,

which right they validly exercised by sending letters to Eastern on October 24, 2002 and

January 26, 2004. Count One seeks to compel Eastern to satisfy its mortgage against the

plaintiffs' residence, and also demands statutory damages and attorney's fees due to

defendant's failure to rescind.

Count Two constitutes an objection to the secured proof of claim filed by

Eastern, which proof of claim was dated April 20, 2005. The plaintiffs contend that the

amount sought by Eastern in its proof of claim should be reduced because of overcharges,

because of defendant's failure to credit payments, and because the plaintiffs are entitled

to a TILA statutory recoupment.

Eastern now demands dismissal of Count One on the basis that the

plaintiffs' complaint was untimely filed. It argues that this adversary proceeding was

commenced on May 16, 2005, more than three years after the loan agreement between the

parties was consummated. Eastern also requests dismissal of Count Two, based upon

procedural grounds. The defendant maintains that the relief sought in Count Two must be

raised as an objection to its proof of claim, pursuant to Fed. R. Bankr. P. 3007, rather than

in an adversary proceeding.

I turn first to defendant's procedural argument involving Count Two.

## II.

Eastern contends that Count Two, which represents an objection to its secured proof of claim, must be raised by filing a pleading styled an "objection," rather than one styled as a complaint. In so arguing, the defendant does not suggest that its right to notice and its right to oppose the plaintiffs' challenge to its proof of claim have been diminished in any manner.[1] Not only is defendant's contention unpersuasive for that reason, but Eastern overlooks the language of Fed. R. Bankr. P. 3007.

In general, when an objection to a proof of claim is filed, the dispute is treated as a contested matter under Fed. R. Bankr. P. 9014. See Rule 3007 Advisory Committee Note (1983). However, Rule 3007 provides that "[i]f an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." In other words, when a party objects to a claim and also seeks affirmative relief against the creditor of a type specified in Rule 7001, the objection should be treated as an adversary proceeding. See In re Consolidated Pioneer Mortgage Entities, 91 F.3d 151 (9th Cir. 1996). Procedurally, it is permissible in such an instance to file a complaint rather than an objection to the proof of claim. See Cytomedix, Inc. v. Bennett, 299 B.R. 878 (N.D. Ill. 2003); Franklin Savings Corp. v. Office of Thrift

---

[1] Usually, creditors raise the converse of the procedural argument now asserted by Eastern. That is, creditors sometimes complain that an adversary proceeding should have been filed, rather than a motion or an objection. See In re Copper King Inn, Inc., 918 F.2d 1404, 1406-07 (9th Cir. 1990). Courts have been reluctant to sustain such a procedural objection unless some prejudice is demonstrated. See id. at 1407; In re Orfa Corp., 170 B.R. 257, 275 (E.D. Pa. 1994).

<u>Supervision</u>, 213 B.R. 596, 598 n.2 (D. Kan. 1997); <u>In re Jones</u>, 122 B.R. 246 (W.D. Pa. 1990).

Fed. R. Bankr. P. 7001(2) includes among the relief to be sought by an adversary proceeding—viz. the filing of a complaint and summons—the determination of the validity of a lien.   Therefore, when a debtor contests the secured status of a creditor, the adversary rules are triggered.  <u>See</u> <u>In re Copper King Inn, Inc.</u>, 918 F.2d 1404, 1406 (9th Cir. 1990).

Here, the plaintiffs in Count One have challenged the validity of Eastern's mortgage lien and sought affirmative relief against this creditor.  In Count Two, they have objected to Eastern's claim.  It was procedurally proper for the plaintiffs to raise these two counts by way of a complaint and summons, with proper service, rather than to raise both via an objection to claim, or to file a complaint for Count One and a separate objection in lieu of Count Two.  Moreover, Eastern has not suggested any possible prejudice by plaintiffs combining their claims in a single pleading, duly served upon it.

Accordingly, defendant's motion to dismiss Count Two as procedurally improper is denied.

I will now consider Eastern's challenge to the timeliness of Count One.

### III.

### A.

Federal Rule of Bankruptcy Procedure 7012(b) incorporates Fed. R. Civ. P. 12(b)-(h), including Fed. R. Civ. P. 12(b)(6).  In general, a complaint should not be

dismissed for failure to state a claim under Rule 12(b)(6) unless it appears beyond any

doubt that the plaintiff can prove no set of facts in support of its claim which would

entitle her to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In making that

determination, a court must accept as true all of the well-pleaded facts alleged in the

complaint and any reasonable inferences therefrom.  Scheuer v. Rhodes, 416 U.S. 232

(1974).  As explained by the Third Circuit Court of Appeals:

> A motion to dismiss pursuant to Rule 12(b)(6) may be granted
> only if, accepting all well-pleaded allegations in the complaint
> as true, and viewing them in the light most favorable to
> plaintiff, plaintiff is not entitled to relief.  Bartholomew v.
> Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986).  "The issue is not
> whether a plaintiff will ultimately prevail but whether the
> claimant is entitled to offer evidence to support the claims."
> Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed.2d 90, 94 S.
> Ct. 1683 (1974).

In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1420 (3d Cir. 1997).

Furthermore, even if a complaint is defective in failing to properly plead a

claim, leave to amend under Fed. R. Civ. P. 15 (incorporated in this proceeding by Fed.

R. Bankr. P. 7015), rather than dismissal, is often appropriate.  "[U]nless the facts alleged

in the complaint clearly show that the plaintiff has no legitimate claim, courts ordinarily

will allow the plaintiff leave to amend the complaint."  2 Moore's Federal Practice,

§ 12.34[5] at 12-77 (3d ed. 1999).  However, when an amended pleading cannot correct

the defects in a party's claim, a court should not grant leave to replead.  See, e.g.,

Peterson v. Philadelphia Stock Exchange, 717 F. Supp. 332, 337 (E.D. Pa. 1989); see also

Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S.

937 (1983); Sarfaty v. Nowak, 369 F.2d 256, 259 (7th Cir. 1966), cert. denied, 387 U.S.

909 (1967) (Rule 15(a) does not require a court to do a futile thing); see generally Mosler

v. M/K Ventures Int'l Inc., 103 F.R.D. 385 (N.D. Ill. 1984).

Here, Eastern asserts that the plaintiffs' rescission claim against it in Count

One must be dismissed because the three-year limitation on the right to rescind had

expired prior to the commencement of this proceeding.  Technically, an assertion of the

statute of limitations, or statute of repose, is an affirmative defense to be raised in a

response to the complaint.  See Fed. R. Bankr. P. 7008 (incorporating, inter alia Fed. R.

Civ. P. 8 (c)); Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002), cert. denied, 540

U.S. 826 (2003); Stirchak v. Shiley, 1996 WL 166958, at *1 (N.D. Ill. 1996).  Modern

federal pleading practice in this circuit, however, accepts that a defendant's limitations or

repose defense can be addressed in some circumstances by a Rule 12(b)(6) motion to

dismiss, rather than by a motion for judgment on the pleadings under Rule 12(c) (raised

after defendant files its answers asserting this affirmative defense).  See Flight Systems,

Inc. v. Electronic Data Systems Corp., 112 F.3d 124, 127 (3d Cir. 1997) ("On a Rule

12(b)(6) motion, an affirmative defense, such as the statute of frauds defense raised by

EDS, is appropriately considered only if it presents an insuperable barrier to recovery by

the plaintiff.").

> As explained by the Third Circuit Court of Appeals:
>
> Technically, the Federal Rules of Civil Procedure require that
> affirmative defenses be pleaded in the answer. Rule 12(b)
> states that "[e]very defense . . . shall be asserted in the
> responsive pleading thereto if one is required, except that the
> following defenses may at the option of the pleader be made
> by motion. . . ." The defenses listed in Rule 12(b) do not
> include limitations defenses. Thus, a limitations defense must
> be raised in the answer, since Rule 12(b) does not permit it to
> be raised by motion. However, the law of this Circuit (the
> so-called "Third Circuit Rule") permits a limitations defense

> to be raised by a motion under Rule 12(b)(6), but only if "the
> time alleged in the statement of a claim shows that the cause
> of action has not been brought within the statute of
> limitations." Hanna v. U.S. Veterans' Admin. Hosp., 514
> F.2d 1092, 1094 (3d Cir. 1975). "If the bar is not apparent on
> the face of the complaint, then it may not afford the basis for a
> dismissal of the complaint under Rule 12(b)(6)." Bethel v.
> Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).

Robinson v. Johnson, 313 F.3d at 135 (footnote omitted); see, e.g., In re Coastal Group,

Inc., 13 F.3d 81, 83 (3d Cir. 1994) (limitations issue raised and considered by a motion to

dismiss under Fed. R. Bankr. P. 7012(b)); 2 Moore's Federal Practice, ¶ 12.34[4][b] at

12-74 (3d ed. 1999) ("Dismissal under Rule 12(b)(6) may also be appropriate when a

successful affirmative defense or other bar to relief appears on the face of the complaint,

such as . . . the statute of limitations") (footnote omitted).

However, while a limitations defense may be asserted in the context of a

motion to dismiss, the validity of that defense must be clear from the complaint itself.

Sisseton-Wahpeton Sioux Tribe v. United States, 895 F.2d 588, 591 (9th Cir.), cert.

denied, 498 U.S. 824 (1990):

> [W]here the issue of limitations requires determination of
> when a claim begins to accrue, the complaint should be
> dismissed only if the evidence is so clear that there is no
> genuine factual issue and the determination can be made as a
> matter of law.

Accord Askanase v. Fatjo, 1993 U.S. Dist. Lexis 19392, at *11 (S.D. Tex. 1993); see

Continental Collieries v. Shober, 130 F.2d 631, 635-36 (3d Cir. 1942) (Statute of Frauds

defense was not established on the face of the complaint).

In this proceeding, the amended complaint alleges the date of the loan,

October 12, 2001, the date that plaintiffs' counsel sent letters to defendant electing

rescission, October 24, 2002 and January 26, 2004, and the date this lawsuit commenced,

May 16, 2005. Eastern's instant motion to dismiss Count One, and the plaintiffs'
response thereto, rely solely upon these dates. Thus, the plaintiffs do not suggest that this
limitations or repose affirmative defense cannot be resolved on the basis of a motion to
dismiss.

## B.

As I mentioned earlier, in Count One, the plaintiffs assert that Eastern is
obligated to cancel its mortgage lien and is also liable for statutory damages of $2,000
plus attorney's fees due to its failure to rescind when notified. The complaint refers to 15
U.S.C. §§ 1635(b) and 1640(a)(2)-(a)(4) as the basis for this relief.

Section 1635(a) provides a borrower with a right to rescind a loan
transaction in which a security interest is taken in the borrower's "principal dwelling."
This right to rescind may be exercised "until midnight of the third business day following
the consummation of the transaction or the delivery of the information and rescission
forms required under this section together with a statement containing the material
disclosures required under this subchapter, whichever is later." Id. Moreover, the
borrower must exercise this right of rescission "by notifying the creditor, in accordance
with regulations of the Board, of his intention to do so." Id.

Section 1635(b) specifies the rights of a borrower and lender when the loan
is properly rescinded. Section 1635(f) details the deadline for the exercise of this
rescission right. It provides:

(f) Time limit for exercise of right

An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later.

15 U.S.C. § 1635(f) (2005).

Therefore, a borrower's right to rescind a loan expires not later than three years after the loan agreement was consummated (unless some federal governmental agency action is involved). See, e.g., Beach v. Ocwen Federal Bank, 523 U.S. 410 (1998).

The primary legal issue that separates these parties in the instant motion to dismiss involves interpretation of the statutory deadline for the exercise of that rescission right. The plaintiffs argue that the three-year deadline applies only to the borrower's providing notice of rescission to the lender, and does not require that enforcement litigation be commenced within three years. As there is no dispute that the plaintiffs provided a written rescission notice to Eastern within three years of the loan closing, the plaintiffs contend that their present complaint was timely filed. Eastern, however, counters that a borrower must commence an action seeking enforcement of an election to rescind within three years. As there is no dispute that the present adversary proceeding

9

commenced more than three years after the consummation of the underlying loan agreement, Eastern maintains that the rescission count must be dismissed.

The parties were afforded the opportunity to research this issue and determine whether it has been addressed by any other court. The defendant was not able to locate any reported decisions squarely upholding its contention.[2] The plaintiffs located two decisions—Sherwood v. Serubo Cadillac Co., 514 F. Supp. 167 (E.D. Pa. 1981) and Reid v. Liberty Consumer Discount Co. of Pennsylvania, 484 F. Supp. 435 (E.D. Pa. 1980)—in support of their position. Upon examination of the reported facts in those two cases, I agree that, in both instances, the rescission complaint was filed more than three years after the loan was consummated. However, both district court decisions focused upon the borrower's claim for statutory damages under section 1640, due to the lender's failure to rescind, and thus whether the litigation was commenced within the one year limitations period for recovery of damages. Neither ruling considered the issue posed by the defendant in this proceeding: whether a complaint seeking enforcement of a rescission demand must be filed within three years of the loan agreement. Accordingly, I shall analyze this issue.

---

[2]Eastern does cite to In re Williams, 276 B.R. 394 (Bankr. E.D. Pa. 2002), in support of its position that the three-year deadline set forth in section 1635(f) refers to commencement of litigation, not simply of notification to the lender of the borrower's election to rescind. After reviewing the Williams decision, I note that the loan at issue closed in March 1997 and the notice of rescission was sent in January 2001, more than three years later. See id. at 396. Indeed, the defendant in that case argued that the attempted rescission occurred in January 2001, when the notice was sent. Id. Thus, Williams does not address the timeliness of the lawsuit as opposed to the notice.

For the following reasons, I find the plaintiffs' interpretation of the three-year deadline more consistent with the language of section 1635(f) and the governing regulation promulgated by the relevant federal agency.

Congress designated the Federal Reserve Board ("FRB") as the governmental agency empowered to implement and interpret the Truth in Lending Act. Indeed, in section 1635(a), Congress expressly provided that a borrower's exercise of his rescission right shall be undertaken in a manner established by the FRB. In compliance with that delegation of authority, the FRB has promulgated regulations, known as "Regulation Z," enforcing and interpreting TILA. These regulations should be viewed as authoritative unless they violate the language of the statute. See, e.g., Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 566 (1980); Roberts v. Fleet Bank (R.I.), 342 F.3d 260, 265 (3d Cir. 2003).

The regulation entitled "Right of rescission," 12 C.F.R. § 226.23, states in relevant part:

(a) Consumer's right to rescind.

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation,

> delivery of the notice required by paragraph (b) of this
> section, or delivery of all material disclosures, whichever
> occurs last. If the required notice or material disclosures are
> not delivered, the right to rescind shall expire 3 years after
> consummation, upon transfer of all of the consumer's interest
> in the property, upon sale of the property, whichever occurs
> first. In the case of certain administrative proceedings, the
> rescission period shall be extended in accordance with section
> 125(f) of the act.

(footnotes omitted).

Thus, 12 C.F.R. § 226.23(a)(2) expressly states that the proper exercise of the right of rescission involves only timely written notification by the borrower to the lender. Moreover, section 226.23(a)(3) provides a three-year deadline for exercising this right, if material loan disclosures are not provided. Neither subsection states that a lawsuit must be brought prior to the three-year deadline in order to exercise or enforce a borrower's rescission right. See Jones v. Saxon Mortgage Inc., 161 F.3d 2 (Table), 1998 WL 614150, at *4 (4th Cir. 1998):

> In order to exercise a right to rescind, a borrower must notify
> the creditor of the rescission by mail, telegram, or other
> means of written communication. 12 C.F.R. § 226.23(a)(2)
> (1998).

While a lawsuit commenced by service of a complaint may, in some instances, constitute the requisite written notice to the lender of the borrower's exercise of his rescission right, see Payton v. New Century Mortgage Corp., 2003 WL 22349118, at *6 (N.D. Ill. 2003), the filing of any lawsuit by a borrower against a lender within the three-year period does not automatically constitute a proper exercise of the right of rescission. See Jones v. Saxon Mortgage Inc., 1998 WL 614150, at *4. Accordingly, unless the borrower provides timely notice to the lender in some form, he will lose his right to rescind. Miguel v. Country Funding Corp., 309 F.3d 1161, 1165 (9th Cir. 2002):

While the Bank's servicing agent, Countrywide, received notice of cancellation within the relevant three-year period, no authority supports the proposition that notice to Countrywide should suffice for notice to the Bank, and Miguel has presented no evidence that the Bank received notice of cancellation within the three-year limitation period prescribed by the statute. Therefore, her right to cancellation was extinguished as against the Bank.

\*\*\*

The Bank was not required to cancel the loan because Miguel did not notify the Bank of cancellation within the limited three-year period. Because cancellation was not effected during the three-year period, the additional year statute of limitations provided by § 1640 is irrelevant; it relates to the time for filing suit once cancellation has been wrongly refused. 15 U.S.C. § 1635(f). In this case, Miguel did not provide the Bank with notice of cancellation within the three-year statutory period, so the Bank could not have wrongly refused Miguel's request to cancel. Therefore, § 1640 does not apply.

This interpretation of section 1635(f)—that the exercise of the right to rescission is undertaken by written notice to the lender within the three-year deadline—is consistent with Regulation Z and with the Supreme Court's holding in Beach v. Ocwen Federal Bank, 523 U.S. 410 (1998), that this subsection sets forth a statute of repose rather than a statute of limitations. This interpretation is also consistent with the oft-repeated principle that TILA, when ambiguous, is generally construed in favor of the borrower. See Roberts v. Fleet Bank (R.I.), 342 F.3d at 265 (and cases cited).

Nonetheless, Eastern maintains that if a borrower is required only to give notice of rescission within three years, but is not required to bring suit within three years after consummation of the loan transaction, then there would be a persistent cloud over title to the property and over the mortgagee's security interest, because the borrower would have an indefinite period within which to file a lawsuit after sending the lender a rescission notice. The defendant therefore argues that Congress could not have intended

13

this result. Eastern's contention, however, overlooks the plain language of Regulation Z, section 226.23, noted above. It also overstates the lender's problem and fails to consider the evolution of section 1635(f).

First, the mortgagee who has received a notice of rescission that it believes to be improper need not await legal action by the borrower before the challenge to its mortgage lien can be resolved. The mortgagee may seek a declaratory judgment to determine the validity of its lien and the propriety of the rescission notice. See Kirchberg v. Feenstra, 609 F.2d 727, 729-30 (5th Cir. 1979); Payton v. New Century Mortgage Corp., 2003 WL 22349118, at *1. Therefore, a pro-active mortgagee has the ability to resolve any cloud upon the validity of its mortgage as soon as it receives a rescission notice.

Second, section 1635(f) expressly provides that the borrower's right to rescind will terminate upon the sale of the real property. Accordingly, if a borrower/homeowner neglects to exercise his statutory right before a sale, he will be precluded from doing so later. Thus, if the mortgagee is content to await a future sale, rather than seek declaratory relief, it is free to do so.

Third, when TILA was first enacted in 1969, section 1635 contained no statutory deadline on the exercise of a borrower's rescission rights. Section 1635 simply granted the borrower a right to rescission until all material loan disclosures were given. See Wachtel v. West, 476 F.2d 1062, 1064-65 (6th Cir. 1973). Therefore, under the original version of TILA, borrowers theoretically possessed an indefinite period of time to elect rescission (although the length of time could render it difficult for the borrower to comply with his obligations to the lender upon rescission).

14

To ameliorate this problem, Congress added the three-year statute of repose now found in section 1635(f) in 1974. Pub.L. 93- 495, Title IV, § 405 (Oct. 28, 1974). However, prior to the enactment of this deadline, courts assumed that enforcement of a right of rescission, traditionally a remedy in equity, could be barred by laches in appropriate circumstances. See Wachtel v. West, 476 F.2d at 1065; see generally Griggs v. E.I. Dupont de Nemours & Co., 385 F.3d 440, 449-50 (4th Cir. 2004); Restatement (Second) of Contracts, § 381.

If Congress, in 1974 or thereafter, intended to require that any borrower, seeking to enforce his prior exercise of a right of rescission, bring any enforcement action within a three-year period, it could have easily so stated in section 1635(f), using language similar to that enacted elsewhere in TILA. Compare 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."). Moreover, if the FRB believed that the proper enforcement of TILA required a three-year statute of limitations on rescission lawsuits, it could have provided one in Regulation Z (to the extent that doing so would be consistent with the language of the statute).

Apparently, both Congress and the FRB believed that the terms of the statute of repose now found in section 1635(f), coupled with the ability of a lender to seek declaratory relief and the constraints imposed by laches and by future sales of the realty, were sufficient to balance the respective interests protected by TILA. Accordingly, since Eastern seeks to dismiss Count One on the ground that the rescission claim is untimely

under section 1635(f), defendant's motion to dismiss under Fed. R. Bankr. P. 7012 must be denied.[3]

An appropriate order shall be entered.

---

[3]Eastern may be correct that the one-year statute of limitations on plaintiffs' demand in Count One for statutory damages under section 1640 has expired. If so, this would limit the range of relief which the plaintiffs could receive, were Count One proven. It would not, however, justify dismissal.

16

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                    :        Chapter 13

LEONARD J. DeSHIELDS and                 :
SEBRINA J. DeSHIELDS
                    Debtor               :        Bankruptcy No. 05-15216F


LEONARD J. DeSHIELDS, SEBRINA J.         :
DeSHIELDS, and WILLIAM C. MILLER
                    Plaintiff            :

        v.                               :

EASTERN SAVINGS BANK, FSB                :

                    Defendant            :        Adversary No. 05-0313


..............................................

ORDER

..............................................

        AND NOW, this 21st day of September 2005, for the reasons stated in the

accompanying memorandum, it is hereby ordered that defendant's motion to dismiss the

amended complaint pursuant to Fed. R. Bankr. P. 7012 is denied.


_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

David A. Scholl, Esq.
Regional Bankruptcy Center of SE PA
Law Office of David A. Scholl
6 St Albans Avenue
Newtown Square, PA 19073

Kimberly A. Dewitt, Esq.
James Smith Dietterick & Connelly LLP
P.O. Box 650
Hershey, PA 17033