IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL and GERALDINE SHERZER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HOMESTAR MORTGAGE SERVICES, | : | |
| et al. | : | NO.  07-5040 |

## REPORT AND RECOMMENDATION

**ELIZABETH T. HEY**
**UNITED STATES MAGISTRATE JUDGE**                                          **August 4, 2011**

Homestar Mortgage Services and HSBC Bank USA (collectively "Homestar") have asked the court to revisit an issue with which I have familiarity, having prepared a Report and Recommendation on the issue at the motion to dismiss stage of this litigation. Specifically, Homestar has asked the court for judgment on the pleadings on Plaintiffs' Truth in Lending Act ("TILA") claim, arguing that the claim for rescission is untimely in light of the Third Circuit's recent decision in Williams v. Wells Fargo Home Mortgage Inc., 410 Fed. Appx. 495 (3d Cir. Feb. 8, 2011).[1]  See Doc. 52.  The issues to be addressed in deciding Homestar's motion are whether the court should apply the law of the case doctrine and, if not, the applicability of Williams to this case.

---

[1] The Honorable Mary McLaughlin has referred Homestar's motion to me for a Report and Recommendation.  See Doc. 53.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**[2]

Plaintiffs took out a mortgage on their home with Homestar on August 26, 2004. Compl. at ¶ 4.[3] On May 11, 2007, Plaintiffs sent a letter to Homestar seeking rescission of the loan. See Exh. D to Complaint. Homestar responded that it found no basis to rescind the loan. See Exh. E to Complaint. On November 30, 2007, Plaintiffs filed this action seeking rescission of the loan based on documentation and disclosure violations under TILA. Compl. at ¶¶ 21, 23, 24, Prayer for Relief in Count I.

On February 26, 2008, Homestar filed a motion to dismiss Plaintiffs' complaint, arguing among other things, that the alleged TILA violation was time-barred. See Doc. 16. After the motion was referred to me, I issued a Report and Recommendation, concluding that Plaintiff's notice of rescission was sufficient to comply with TILA's three-year statute of repose. While acknowledging a split among the courts in our circuit, and without direct guidance from our circuit court, I concluded that suit need not be filed within the three-year period, and that notice of rescission to the lender within the three-year period was sufficient under TILA provided that suit was filed within one year after the notice of rescission. See Doc. 36 at 18-25. I therefore recommended that this portion

---

[2]Because I previously reviewed the facts and claims of the case in my May 7, 2011 Report and Recommendation, I include only a brief synopsis of the facts relevant to the current motion.

[3]The loan was taken from Homestar Mortgage Services and placed with HSBC Bank USA. There is no need to distinguish between these defendants for purposes of this motion.

of Homestar's motion to dismiss be denied. Judge McLaughlin approved and adopted the Report and Recommendation on June 30, 2010, with the caveat that whether the court applied a one- or two-year statute of limitations for the rescission action after notice had been sent, Plaintiffs' TILA claim was timely. See Doc. 38.

On February 8, 2011, the Third Circuit decided Williams, holding in a non-precedential opinion that suit must be filed within three years of the consummation of the loan. Relying on this decision, Homestar filed its motion for judgment on the pleadings on February 15, 2011. See Doc. 52. Plaintiffs filed a response on May 11, 2011, arguing that the law of the case doctrine applies and that Williams is distinguishable. See Doc. 61. Homestar filed a reply on May 25, 2011. See Doc. 63.

## II.   LEGAL STANDARD

A motion for judgment on the pleadings may be filed after the defendant has filed an answer to the complaint, but early enough not to delay trial. See Fed. R. Civ. P. 12(c). The standard for a motion for judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b). See Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004) ("There is no material difference in the applicable legal standards."). Thus, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1950 (2009). In considering a motion for judgment on the pleadings, the court may consider the well-pleaded facts in the complaint, and may

also consider the answer and written instruments attached to the pleadings. Churchill v. Star Enters., 3 F. Supp.2d 625, 626 (E.D.Pa. 1998); Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 256 n. 5 (3d Cir. 2004). The court must accept as true any reasonable inferences that may be drawn from plaintiff's allegations, and view those facts and inferences in the light most favorable to plaintiff. See Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).

### III.    DISCUSSION

A borrower normally has three days to rescind a mortgage transaction. 15 U.S.C. § 1636(a). This period is extended to three years if the lender fails to comply with TILA's disclosure requirements. Id. § 1635(f). The language extending the rescission period to three years is as follows:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor.

Id. § 1635(f). As discussed in my prior report, the language of the statute is ambiguous as to whether a letter of rescission to the lender is sufficient to trigger the right to rescind or whether the filing of suit within three years is required. See Doc. 36 at 20. At the time I originally considered this issue, the Third Circuit had not yet decided it. See Williams, 410 Fed. Appx. at 498 ("We have yet to address whether the three-year period in § 1635(f) pertains to the time within which either a notice of rescission must be tendered

or an action for rescission must be commenced."). In addition there was no consensus among the judges of the courts of this circuit. After considering many decisions on the subject, I concluded that notice of rescission within the three year period was sufficient under TILA. See Doc. 36 at 23. Judge McLaughlin adopted this conclusion in denying Homestar's motion.

In Williams, the Third Circuit came to the opposite conclusion. There, the plaintiff sent a rescission notice to the lender just over two years after consummating the loan. 410 Fed. Appx. at 497, 498. Twenty-one months later (nearly four years after consummating the loan), she filed suit to enforce the right to rescind. Id. The Third Circuit held that the action for rescission was time-barred because the plaintiff failed to file suit within three years of consummation of the loan. Id. at 499.

### A. Law of the Case Doctrine

Homestar now asks the court to revisit its determination that the Plaintiffs' TILA claim for rescission is timely in light of the decision in Williams. Plaintiff argues that applying the law of the case doctrine, there is no reason to revisit Judge McLaughlin's prior decision on the statute of repose. See Doc. 61-2 at 3-5. Homestar argues that the law of the case doctrine does not bar Judge McLaughlin's reconsideration of the issue. See Doc. 63 at 2-4.

"The 'law of the case . . . doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the

same case.'" Scheafnocker v. Comm'r, _ F.3d _, 2011 WL 1467198, at *3 (3d Cir. Apr. 19, 2011) (quoting Feesers, Inc. v. Michael Foods, Inc., 591 F.3d 191, 207 (3d Cir . 2010) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)). The doctrine "does not limit a federal court's power [to revisit an issue previously decided]; rather, it directs its exercise of discretion." Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997). The Third Circuit has recognized several extraordinary circumstances warranting the court's exercise of its discretion to reconsider an issue previously decided: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice. Id. at 116-17 (citing Bridge v. United States Parole Comm'n, 981 F.2d 97, 103 (3d Cir. 1992); Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 169-70 (3d Cir. 1982)).

In this case, after my prior report and Judge McLaughlin's prior ruling which reached one conclusion about the meaning of the relevant section of TILA, the Third Circuit for the first time interpreted that section and reached a contrary conclusion. Although non-precedential decisions are not binding, see 3d Cir. I.O.P. 5.7, they provide persuasive authority. See Evans v. Chichester Sch. Dist., 533 F. Supp.2d 523, 535 (E.D. Pa. 2008). Therefore, I reject Plaintiff's suggestion that the non-precedential nature of the appellate court's decision is a proper ground for the trial court to decline to exercise its jurisdiction to revisit the issue, and conclude that it is more prudent to revisit the issue

now. As Homestar points out, the plaintiff in Williams relied on this court's decision in its reply brief. See Doc. 63 at 1-2 and Exh. 1. Thus, the Third Circuit has implicitly rejected the reasoning utilized in my report.

Because the Third Circuit has noted that the law of the case doctrine "does not . . . set a trial court's prior rulings in stone, especially if revisiting those rulings will prevent error," reconsideration of this issue in light of Williams is appropriate. United States v. Hoffecker, 530 F.3d 137, 164 (3d Cir. 2008) (citing United States v. Palmer, 122 F.3d 215, 220 (5th Cir. 1997)). "After all, it is better to get the decision right the second time around than not at all." Sarsfield v. Citmortgage, Inc., 707 F. Supp.2d 546, 553 n.3 (M.D. Pa. 2010).

B.   **Applicability of Williams**

Plaintiffs argue that the facts of their case are distinguishable from those of Williams. Plaintiffs point out that they, unlike the plaintiffs in Williams, commenced suit within one year of sending their notice of rescission. This argument misses the point. The holding of Williams is that suit must be brought within three years of consummation of the loan.

> [A]ny claim for rescission under § 1635(f) must be filed
> within the three year period. It may be that an obligor may
> invoke the right to rescission by mere notice. Mere
> invocation without more, however, will not preserve the right
> beyond the three-year period. Rather, consistent with
> § 1635(f), a legal action to enforce the right must be filed
> within the three-year period or the right will be "completely
> extinguishe[d]."

Williams, 410 Fed. Appx. at 499 (quoting Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998)). In both Williams and this case, notice of rescission was sent within three years of loan consummation, but suit was not brought until after that three years expired. In light of Williams' construction of section 1635(f), the cases are not distinguishable on any material point. Plaintiffs' argument that they filed suit within one year of sending the notice of rescission is unavailing because the statute of repose started to run at the time the loan was consummated and expired three years later. The rescission notice did nothing to stop the clock under the Williams analysis. Accordingly, I conclude that Williams applies to this case and that Plaintiffs' right to rescind the loan expired prior to their bringing suit.

In addition to seeking rescission of the loan under TILA in Count I of the Complaint, Plaintiffs also seek damages arising out of Homestar's failure to rescind the loan. See Compl. at Prayer for Relief, Count I; Doc. 21 at 6-7.[4] "Damages can be awarded under TILA for a creditor's violation of a debtor's rescission rights under the statute." In re Dougal, 395 B.R. 880, 891 (Bkrtcy. W.D. Pa. 2008) (citing 15 U.S.C. § 1635(g) (in any action in which it is determined that a creditor has violated debtor's rescission rights the court may also award damages pursuant to 15 U.S.C. § 1640).

---

[4]As explained in my prior report, Plaintiffs' Complaint does not clearly define the TILA damages Plaintiffs seek. However, in litigating the motion to dismiss, Plaintiffs clarified that they seek damages under TILA based solely on Homestar's failure to rescind the loan. See Doc. 36 at 3-4 n.3. Therefore, Plaintiffs' claim for damages rises and falls with their claim for rescission.

However, having found that Plaintiffs' TILA rescission claim was untimely filed, Plaintiffs have no right to damages based on Homestar's failure to rescind. See Smith v. Fidelity Consumer Discount Co., 898 F.2d 896, 903 (3d Cir. 1990) ("entitlement to statutory damages . . . is . . . wholly dependent upon, and flows directly from, their entitlement to rescissory relief"); Dougal, 395 B.R. at 891 ("Because there is no enforceable right of rescission, there is no basis for an award of damages for failure to honor the notice of rescission."). Thus, Homestar is entitled to judgment in its favor on Count I of the Complaint.[5]

## IV.   CONCLUSION

I conclude that the law of the case doctrine does not preclude the court's revisiting the issue of the statute of repose. The Third Circuit's decision in Williams is contrary to my earlier reasoning and Judge McLaughlin's prior order, and the material facts of that case are indistinguishable from those presented here. Because Plaintiffs did not file their action to enforce their right to rescind within the statutory three-year period, their claim for rescission under TILA and resulting damages is time-barred.

---

[5]Counts II and III were previously dismissed against Homestar and HSBC. See Doc. 38.  Thus, with the entry of judgment in favor of Homestar and HSBC on Count I, Homestar and HSBC should be terminated as parties in this litigation.

Therefore I make the following:

### **R E C O M M E N D A T I O N**

AND NOW, this  4th       day of August, 2011, IT IS RESPECTFULLY RECOMMENDED that the Motion for Judgment on the Pleadings filed by Homestar and HSBC be GRANTED and that judgment be entered in favor of Homestar and HSBC on Count 1 of the Complaint.

BY THE COURT:

/s/ELIZABETH T. HEY
_____
ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE