# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL R. SHERZER and | : | |
| GERALDINE SHERZER | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | NO.:  07-5040 |
| HOMESTAR MORTGAGE SERVICES, | : | |
| HSBC BANK USA, and | : | |
| DANA CAPITAL GROUP, INC. | : | |
| Defendants. | : | Jury Trial Demand |

## ORDER

AND NOW, this _____ day of _____, 2011, upon consideration of Plaintiffs' Objection and/or Appeal from the Report and Recommendations re: Motion for Judgment on the Pleadings, and any response thereto, it is hereby ORDERED and DECREED that Plaintiffs' Objections are SUSTAINED, and the Report and Recommendations is REVERSED.

Defendants' Motion for Judgment on the Pleadings is DENIED.

**AND IT IS SO ORDERED.**

_____
Mary A. McLaughlin                    ,J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL R. SHERZER and | : | |
| GERALDINE SHERZER | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | NO.:   07-5040 |
| HOMESTAR MORTGAGE SERVICES, | : | |
| HSBC BANK USA, and | : | |
| DANA CAPITAL GROUP, INC. | : | |
| Defendants. | : | Jury Trial Demand |

### PLAINTIFFS' OBJECTIONS AND APPEAL FROM THE REPORT AND RECOMMENDATIONS RE: HOMESTAR, ET AL.'S MOTION FOR JUDGMENT ON THE PLEADINGS

This Objection and Appeal regarding the Report and Recommendations ("RR") re: Homestar, et al.'s Motion for Judgment on the Pleadings sets forth singular questions presented, which will be addressed *ad seriatim*:

As the RR recollects, this Honorable Court adjudicated Homestar's Motion to Dismiss in favor of Plaintiffs holding Plaintiffs' TILA claim timely.  In so holding, the Court held that Plaintiffs' TILA action timely commenced within one (1) year subsequent to Plaintiffs' Notice of Rescission (which was more than three (3) years after Plaintiffs' loan's consummation).

In re-adjudicating this statute of limitations issue, the RR concludes Williams persuasive authority so to allow this Court re-adjudicate this statute of limitations issue.  In doing so, the RR acknowledges Williams as non-precedential and thus not binding precedent.

Under the auspices of "persuasive authority," the RR re-adjudicates the statute of limitations issue in favor of Homestar thereby recommending this Court enter judgment in favor of Defendants on the TILA statute of limitations issue.

The RR goes on to hold that because the TILA rescission claim is recommended as untimely there goes the TILA damages claim.

In so holding Plaintiffs' TILA rescission and damages claim barred, the RR recommends this Court hold the "law of the case" doctrine non-preclusive implicitly for <u>Williams</u>' superseding authority.

Because <u>Williams</u> does not divest the "law of the case," this Honorable Court should reverse the RR and allow Plaintiffs to proceed.

Alternatively, if this Honorable Court holds <u>Williams</u> as rendering the law of the case doctrine superseded, <u>Williams</u> should not be followed as having been adjudicated incorrectly by the Third Circuit.  In any event, Plaintiffs' TILA statutory damages claim is not inextricably intertwined with the statute of limitations for rescission, and should be allow to proceed.

**I.**  ***Williams* does not supersede the law of the case.**

As the RR cited, <u>Public Interest Research Group of N.J.</u> allows re-adjudication if there has been supervening new law or if the earlier decision was clearly erroneous.  In analyzing <u>Williams</u>, the RR holds <u>Williams</u> as that supervening new law (which authority implicitly renders this Court's earlier decision clearly erroneous).

However, as the RR explicitly recognizes, <u>Williams</u> is not "new law."  It is a non-precedential memorandum opinion which the RR recognizes merely as persuasive authority.

While the RR (as discussed above) seems to hold this Court's prior decision as clearly erroneous based on that so-called supervening new law – <u>Williams</u> is, in fact, contrarily recognized therein as *not* supervening new law.  Thus, the RR begs the question: if there is not supervening new law then how could the prior adjudication have been clearly erroneous?

As to the "clearly erroneous" standard, the RR makes no analysis vis-à-vis <u>Williams</u> that would render this Court's prior determination erroneous (let alone <u>clearly</u> erroneous).  In fact, the supersession of non-precedential authority's impact on a prior adjudication is anything but clear.

The RR merely concludes this Court having committed error by Williams, without anything more. *See,* In re Pharmacy Benefit Managers Antitrust Litig., 582 F.3d 432 (C.A.3 (Pa) 2009).

Just as Williams is not new law, it does not render this Court's prior adjudication clearly erroneous let alone manifesting injustice. U.S. v. Daniels, 209 Fed.Appx. 191, 196 (C.A.3 (Pa) 2006). On the contrary, if adopted, the RR will work that manifest injustice at this stage.

While an appellate court's non-precedential holding may instinctively generate wariness vis-à-vis the contrary holding of the lower court, that hesitation does not change persuasive authority to superseding new law nor does it make the lower court's contrary holding clearly erroneous.  In fact, as the RR correctly holds, the non-precedential nature of Williams necessarily stands for the Third Circuit's adjudication that its own opinion is non-determinative. To that end, the Circuit tacitly recognized that its own Williams opinion may one day be countered by its re-analysis towards a *binding*, precedential determination. U.S. v. Lofton, 393 Fed.Appx. 872, N.4 (C.A.3 2010) (citing C.A.3 I.O.P. 5.7); Digene Corp. v. Ventana Medical Systems, Inc., 476 F.Supp.2d 444, n.41 (D.Del. 2007).

Simply, what the Circuit held in Williams may, counter-intuitively, not be the Circuit's ultimate decision on this issue.  Tautologically, non-binding is the opposite of binding – i.e., this Court is not so bound.

Because Williams does not divest the law of this case, the RR should be reversed.

**II.**     ***Williams* was wrongly decided.**

While it may seem far-fetched for a lower court litigant to claim the Third Circuit incorrect, that is precisely what a non-precedential opinion allows (if not requires).  In fact, that is precisely what an appellant would argue to the Third Circuit <u>and</u> that Circuit may hold itself in seeking precedent on this issue.

As has already been held since February 8, 2011, Williams was wrongly decided. Calvin v. American Fidelity Mortg. Services, Inc., 2011 WL 1672064 (N.D.Ill. 2011) (slip copy). As Calvin held, Beach did not discuss *how* the right to rescind "must be asserted within the three-year period." Id. (citing Beach v. Ocwen Federal Bank, 523 U.S. 410 (1998)); McCoy v. Harriman Util. Bd., 790 F.2d 493 (C.A.6 1986); Ralls v. Bank of New York, 230 B.R. 508 (Bankr.E.D.Pa. 1999); Jackson v. CIT Group, 2006 WL 3098767 (W.D.Pa. Oct. 30, 2007).

As to Beach, supra., the Third Circuit held, seven (7) years thereafter, that Beach does not announce a statute of repose. In re Community Bank of Northern Virginia, 418 F.3d 277, 305 (C.A.3 (Pa) 2005) (citing Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 504 (C.A.3 (NJ) 1998)).

Williams was decided incorrectly.

**III.   TILA Damages.**

Under TILA, there are three remedies: (1) rescission; (2) recoupment/set-off; and (3) **damages**. These three (3) remedies have different statutes of limitations: (1) rescission – three (3) years to invoke and one (1) year thereafter to bring suit; (2) recoupment – per Beach, dependent on state law (Beach, at footnote 6); and (3) damages – one (1) year to bring suit thereafter a refusal to rescind upon a Notice of Recission. Smith v. Fidelity Consumer Discount Co., 898 F.2d 896 (C.A.3 1990).

The RR incorrectly conflates TILA's rescission with damages remedies vis-à-vis statutes of limitations.

WHEREFORE, Plaintiffs request this Honorable Court reverse the Report and Recommendations and allow Plaintiffs' TILA Count to proceed.

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL R. SHERZER and | : | |
| GERALDINE SHERZER | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | NO.:   07-5040 |
| HOMESTAR MORTGAGE SERVICES, | : | |
| HSBC BANK USA, and | : | |
| DANA CAPITAL GROUP, INC. | : | |
| Defendants. | : | Jury Trial Demand |

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 4th day of October, 2011, a true and correct copy of the foregoing Plaintiffs' Objections and Appeal from the Report and Recommendations re: Homestar, et al.'s Motion For Judgment On The Pleadings was served via ECF, upon the following parties:

Edmund David Krulewicz, Esq.
Nipun J. Patel, Esq.
Joe Nguyen, Esq.
Kellie A. Lavery, Esq.
Reed Smith, LLP
136 Main Street, Suite 250
Princeton, NJ 08540-7839


**WEISBERG LAW, P.C.**


/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
Attorney for Plaintiffs