**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DANIEL R. SHERZER and GERALDINE SHERZER<br><br>Plaintiffs,<br><br>v.<br><br>HOMESTAR MORTGAGE SERVICES, HSBC BANK USA, DANA CAPITAL GROUP, INC., THE CIT GROUP/CONSUMER FINANCE, INC., and MERCURY MORTGAGE PARTNERS<br><br>Defendants. | Civil Action No. 07-CV-5040<br>(ETH) (MAM) |

**MEMORANDUM OF LAW OF DEFENDANTS HOME STAR MORTGAGE SERVICES, LLC AND HSBC BANK USA, AS TRUSTEE, IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION THAT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS BE GRANTED**

Defendants Home Star Mortgage Services, LLC ("Home Star") and HSBC Bank USA ("HSBC") (collectively, "Defendants"), respectfully submit this Memorandum of Law in Opposition to Plaintiffs Daniel and Geraldine Sherzer's ("Plaintiffs") Objections to the Report and Recommendation ("R & R") of Magistrate Judge Hey (Doc No. 74) that Defendants' Motion for Judgment on the Pleadings (Doc No. 52) be granted.

**I.    INTRODUCTION**

Magistrate Judge Hey correctly held that the Third Circuit's decision in Williams v. Wells Fargo Home Mortg., 410 Fed. Appx. 495, 498-99 (3d Cir. 2011) warrants granting Defendants' Motion for Judgment on the Pleadings (and correction of this Court's prior denial of Defendants' Motion to Dismiss). The Third Circuit's decision in Williams makes clear that Plaintiffs' TILA rescission claim is untimely because they failed to commence suit within three

years of the closing of their loan. Plaintiffs do not (because they cannot) attempt to distinguish Williams, but instead claim that: (a) Judge Hey erred in refusing to apply the "law of the case" doctrine, (b) the Third Circuit simply "got it wrong," and (c) for the first time in almost four years of litigation, that Plaintiffs' TILA damages claims survive even in the absence of a viable rescission claim.

Each of Plaintiffs' arguments misses the mark. As Plaintiffs readily admit, the law of the case doctrine does not handcuff this Court from correcting a prior ruling. Moreover, Williams is indistinguishable and soundly based on binding Supreme Court precedent. Further, Plaintiffs' claim for TILA damages was previously dismissed as to HSBC and is improper as to Home Star because Home Star was not the holder of the loan when Plaintiffs purportedly tried to rescind it. Accordingly, the Court should adopt the R & R and grant Defendants' Motion for Judgment on the Pleadings.

## II.    ARGUMENT

### A.    The "Law Of The Case" Doctrine Does Not Prevent The Court From Granting Defendants' Motion For Judgment On The Pleadings

Judge Hey properly concluded that the "law of the case" doctrine is not a bar to the Court's ability to grant Defendants' Motion for Judgment on the Pleadings. As a threshold matter, the law of the case doctrine does not even apply to an interlocutory order in the same case before the same judge. See Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994) ("Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case."); see also McIntyre v. Philadelphia Suburban Corp., 90 F. Supp. 2d 596, 603 n. 5 (E.D. Pa. 2000) (recognizing that the "law of the case" doctrine does not preclude a grant of summary judgment in favor of a defendant whose motion to dismiss has previously been denied); Rouse v. II-VI Inc., No. 06-cv-566, 2008 WL

2914796, at *7 (W.D. Pa. Jul. 24, 2008) (same); accord Goldey v. Trustees of Univ. of Pennsylvania, 544 Pa. 150, 155-156, 675 A.2d 264, 267 (1996) ("where the motions differ in kind, as preliminary objections differ from motions for judgment on the pleadings, which differ from motions for summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion").

Moreover, as Judge Hey correctly pointed out, even if the law of the case doctrine applies, it "does not limit a federal court's power [to revisit an issue previously decided]; rather, it directs its exercise of discretion." R & R at p. 6 (citing Public Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3rd Cir. 1997)).  In other words, "the law-of-the-case doctrine does not ... set a trial court's prior rulings in stone, especially if revisiting those rulings will prevent error." R & R at p. 7 (citing US v. Hoffecker, 530 F.3d 137, 164 (3d Cir. 2008) (internal citations omitted)).  Here, granting Defendants' Motion will prevent legal error, as the Third Circuit in Williams v. Wells Fargo Home Mortg., 410 Fed. Appx. 495, 498-99 (3d Cir. 2011) made clear that mere invocation of a TILA rescission claim by notice is insufficient to preserve the claim beyond the statute's unequivocal three-year repose period.  In doing so, the Third Circuit implicitly rejected this Court's prior decision holding to the contrary (Doc. No. 32), which was expressly relied upon by the plaintiff/appellant in Williams.

Plaintiffs' Brief offers nothing to rebut Judge Hey's rejection of the law of the case doctrine other than to simply advocate that the doctrine should not be applied by a trial court to revisit a prior decision which is contrary to a subsequent non-precedential opinion of the Court of Appeals.  See Pl.'s Obj. to R & R at p. 3-4.  Plaintiffs are, however, predictably unable to cite a single case which would support their position.  Id.  The cases Plaintiffs do cite are wholly inapposite.  In particular, In re Pharmacy Benefit Managers Antitrust Litig., 582 F.3d 432, 439-

40 (3d Cir. 2009), stands for the unremarkable proposition that a district court should articulate an exception to the law of the case doctrine before overruling the decision of *another* judge. Moreover, US v. Daniels, 209 Fed. Appx. 191, 196 (3d Cir. 2006) discusses application of law of the case in a different context altogether: an appeals court revisiting a prior appellate decision in the same case. In any event, Daniels actually supports Defendants position as it notes that "'**[t]he law of the case doctrine 'is not a barrier to correction of judicial error.'**" Id. (citations omitted). Finally, US v. Lofton, 393 Fed. Appx. 872, 874 n. 4 (3d Cir. 2010) notes, in *dicta*, only that a Third Circuit panel is not bound by a prior non-precedential opinion.[1]

Plaintiffs' suggestion that Williams should not even be considered until it becomes "binding" precedent is simply without merit. Non-precedential as it may be, Williams' analysis and reliance on binding Supreme Court precedent is sound and persuasive and is an unmistakable indication of how the Third Circuit would treat this virtually identical case. See, e.g., City of Newark v. U.S. Dep't of Labor, 2 F.3d 31, 33 n. 3 (3d Cir. 1993) ("Although we recognize that this unpublished opinion lacks precedential authority, we nonetheless consider persuasive its evaluation of a factual scenario virtually identical to the one before us in this case."); Evans v. Chichester School Dist., 533 F. Supp. 2d 523, 535 (E.D. Pa. 2008) ("Although I recognize that unpublished opinions lack precedential value, I cite to them in this memorandum as persuasive authority when I find their reasoning convincing and their facts analogous to the situation before me").

---

[1] Even further off the mark is Plaintiffs' reliance on Digene Corp. v. Ventana Med. Sys. Inc., 476 F. Supp. 2d 444, n. 41 (D. Del. 2007), a case which interprets the procedural rules of the Federal Circuit Court of Appeals that are not relevant here.

In sum, Judge Hey properly relied upon Williams in recognizing that (a) this Court's prior ruling that Plaintiffs' TILA rescission claim is timely is erroneous, (b) this Court's prior decision is likely to be reversed on appeal, and (c) that it would be manifestly unjust to deny Defendants' Motion not on its merits but rather by mechanical application of the case of the law doctrine.  Accordingly, this Court should adopt the R & R and grant Defendants' Motion.

**B.  Williams Was Not Wrongly Decided**

In the same breath that they ask the Court to altogether disregard Williams merely because it is an unpublished opinion, Plaintiffs curiously ask this Court to *adopt* an unpublished district court opinion from the Northern District of Illinois, Calvin v. American Fidelity Mortg. Services, Inc., No. 10–cv–7213, 2011 WL 1672064 (N.D. Ill. May 3, 2011), and hold that Williams was wrongly decided.  See Pl.'s Obj. at p. 5.  Plaintiffs' inconsistent argument should be rejected.  The reasoning of Calvin (similar to the reasoning advanced in this Court's own prior ruling) is precisely the reasoning which the Third Circuit in Williams considered and rejected.  Likewise, Plaintiffs' reliance on district court cases within the Third Circuit that were decided prior to Williams is misplaced because those cases were, at least implicitly, if not expressly, rejected by the Third Circuit.[2]

At the end of the day Plaintiffs make no effort to actually distinguish Williams or attack its reasoning because they cannot do so.  Williams is directly on-point and based on a sound interpretation of the Supreme Court's holding in Beach v. Ocwen Federal Bank.  Accordingly, Plaintiffs' Objections to the R & R are without merit.

---

[2]  Plaintiffs also rely on McCoy v. Harriman Util. Bd., 790 F.2d 493 (6th Cir. 1986).  That case was decided even prior to the Supreme Court's decision in Beach v. Ocwen Federal Bank, 523 U.S. 410 (1998) and, therefore, is of no precedential value.

### C. Plaintiffs Have No Viable Claim For TILA Damages

In a last-ditch effort to raise some semblance of a claim against Defendants, Plaintiffs argue that their TILA damages claim should survive even if their rescission claim is found to be untimely. See Pl.'s Obj. at p. 5. This argument should be rejected for two equally compelling reasons.

First and foremost, Plaintiffs waived this argument by failing to raise it in their briefing in opposition to Defendants' Motion for Judgment on the Pleadings. See Jiminez v. Barnhart, 46 Fed. Appx. 684, 685 (3d Cir. 2002) (holding that arguments raised for the first time in objections to a magistrate report and recommendation are deemed waived); Martinez v. Wynder, No. 06-4453, 2007 WL 1725189, at *1 (E.D. Pa. Jun. 12, 2007) (arguments "raised for the first time in objections to a Report and Recommendation are not properly before a district court and need not be considered").

Second, even if Plaintiffs had properly raised the issue, their claim for TILA damages is unfounded. This Court has already dismissed Plaintiffs' TILA damages claim against HSBC in connection with Defendants' original Motion to Dismiss. See Doc. No. 38. As to Home Star, it cannot be held liable for failure to rescind a mortgage loan it undisputedly did not hold or own at the time Plaintiffs' rescission demand was made.[3] See, e.g., Boles v. Merscorp, Inc., No. 08-1989, 2008 WL 5246038, at *3 (C.D. Cal. Dec. 12, 2008) (striking TILA damages claim where the defendant did not hold the loan at the time of the purported attempt to rescind the loan); Bills v. BNC Mortgage, Inc., 502 F. Supp. 2d 773, 777 (N.D. Ill. 2007) ("because it not longer holds

---

[3] Plaintiffs acknowledge in their Complaint that Home Star assigned the 2004 loan to HSBC, see Complaint ¶ 4, which occurred well prior to Plaintiffs' rescission demand in May of 2007.

the mortgage, [assignor] is not subject to plaintiffs' claim for [TILA] rescission."). The reasoning behind these and similar decisions is sound: why should a party be liable for allegedly failing to rescind a loan that it did not hold and could not have rescinded?

Accordingly, Plaintiffs have no basis for recovery of statutory damages for failure to rescind, and final judgment should be entered in favor of Defendants.

### III.   CONCLUSION

For the reasons set forth above, as well as those set forth in Judge Hey's Report and Recommendation and Defendants' prior briefing in support of their Motion for Judgment on the Pleadings, the Court should grant Defendants' Motion and enter judgment in favor of Defendants and against Plaintiffs.

Respectfully submitted,

*s/ Nipun J. Patel*
Joe N. Nguyen
Attorney I.D.93638
Nipun J. Patel
Attorney I.D. 208130
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone: 215-851-8100
Facsimile:   215-851-1420
jnguyen@reedsmith.com
npatel@reedsmith.com

*Attorneys for Defendants*
*Home Star Mortgage Services LLC and*
*HSBC Bank USA, as Trustee*

Dated: October 19, 2011

## **CERTIFICATE OF SERVICE**

I, Nipun J. Patel, hereby certify that on October 19, 2011, the foregoing Memorandum of Law of Defendants Home Star and HSBC in Opposition to Plaintiffs' Objections to the Report and Recommendation Regarding Home Star and HSBC's Motion for Judgment on the Pleadings was served via ECF on the following counsel of record:

> Matthew Weisberg
> Weisberg Law, P.C.
> *Attorney for Plaintiffs*
>
> Neil C. Shur
> Stevens & Lee, P.C.
> 1818 Market St.
> 29th Floor
> Philadelphia, PA 19103
>
> *Attorneys for Defendant*
> *The CIT Group/Consumer Finance, Inc.*
>
> Daniel S. Coval, Jr., Esquire
> Andrew L. Miller & Associates, L.P.
> 15 St. Aspah's Road
> Bala Cynwyd, PA 19004
>
> *Attorneys for Defendant*
> *Mercury Mortgage Partners*

*s/ Nipun J. Patel*
Nipun J. Patel
